## M. Caratan and Carola Caratan, et al.,[1] Petitioners v. Commissioner of Internal Revenue, Respondent

Docket Nos. 3026–67, 3043–67, 3044–67.    Filed September 15, 1969.

*Curtis Darling*, for the petitioners.
*Stephen W. Simpson*, for the respondent.

---

[1] Proceedings of the following petitioners are consolidated herewith: Luis Caratan and Mary Caratan, docket No. 3043–67; and Milan M. Caratan and Judith Caratan, docket No. 3044–67.

OPINION

The sole issue for decision is whether petitioners were entitled to exclude from their gross incomes the value of lodging furnished to them by their employer, M. Caratan, Inc., under section 119 of the Internal Revenue Code of 1954.[2]

The lodging furnished to the petitioners constituted compensation for services rendered by them to their employer and is therefore required to be included in their gross incomes under section 61(a) unless specifically excludable under another provision of the Internal Revenue Code. See *Commissioner* v. *Duberstein*, 363 U.S. 278 (1960), and *Commissioner* v. *LoBue*, 351 U.S. 243 (1956).

Section 119 grants an exclusion for lodging furnished to an employee by his employer if three conditions are met: (1) The lodging is furnished for the convenience of the employer; (2) the lodging is

---

[2] All statutory references are to the Internal Revenue Code of 1954.

SEC. 119. MEALS OR LODGING FURNISHED FOR THE CONVENIENCE OF THE EMPLOYER.

There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if—

\* \* \* \* \* \* \*

(2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment.

on the business premises of the employer; and (3) the employee is required to accept the lodging as a condition of his employment. The dispute in this case centers around the third requirement since the respondent has conceded that the other two were satisfied. Thus, the question we must decide is whether petitioners were required to accept the lodging furnished to them as a condition of employment. This question is primarily one of fact to be resolved by a consideration of all the circumstances before us. Respondent's determination is prima facie correct and petitioners have the burden of proof of error in such determination. *William I. Olkjer*, 32 T.C. 464 (1959).

We have interpreted the term "required" in section 119(2) to mean required in order for an employee to properly perform his duties of employment. See *Mary B. Heyward*, 36 T.C. 739 (1961), affirmed per curiam 301 F. 2d 307 (C.A. 4, 1962), citing with approval section 1.119–1(b), Income Tax Regs. Therefore, the fact that an employee was compelled by his employer to accept the lodging on the employer's premises, standing alone, does not satisfy the statutory requirement that the lodging be required to be accepted as a condition of employment. *Gordon S. Dole*, 43 T.C. 697 (1965), affirmed per curiam 351 F. 2d 308 (C.A. 1, 1965). It is necessary to determine in each case whether as a practical matter the taxpayer was required to accept the lodging offered by his employer in order to adequately perform his duties. *Gordon S. Dole, supra; William I. Olkjer, supra.*

We are not persuaded by the record before us that petitioners have successfully borne their burden of proving that the lodging furnished to them was indispensable to the proper discharge of their employment duties. This case is not materially distinguishable on its facts from *Gordon S. Dole, supra*, in which we held that the fair market value of lodging furnished to the manager of a manufacturing business which operated around the clock was not excludable under section 119.

We have noted in our findings of fact the proximity of Delano's residential area to the houses occupied by petitioners, which was as close as 1.8 miles in the case of one petitioner. We do not see how the short distance between Delano and the farming areas in question, or the minimal travel time required to traverse such distance, can seriously hinder petitioners' performance as officers and directors of the corporation had they resided in Delano. M. Caratan, Inc., had employed foremen and other supervisory personnel besides petitioners who could have called petitioners if an emergency arose requiring the petitioners' attention. Any nighttime supervision which may have been necessary could similarly have been conducted by petitioners without difficulty had they resided in the nearby city of Delano rather than on the farm. The mere fact that the employer has lodging available and it

seems more desirable that the employee occupy the premises does not satisfy the condition contained in section 119 that the lodging be required as a condition of employment. *Mary B. Heyward, supra.*

The fact that there was housing available to petitioners only a short distance from the farm clearly distinguishes *George I. Stone,* 32 T.C. 1021 (1959), and *Wilhelm v. United States,* 257 F. Supp. 16 (D. Wyo. 1966), cited by petitioners.

Petitioners have attempted to support their position by offering the testimony of one of the petitioners, Luis Caratan, that it is the policy of the corporation to require its key employees to maintain their residences on company property. We have already stated that this circumstance, albeit a factor to be considered, does not meet the statutory requirements without an objective showing that such housing is required by the exigencies of the employment. However, even placing this to one side, petitioners' argument under the facts of this case is much less persuasive than it might have otherwise been in view of the close relationship of petitioners to the corporation. As Luis Caratan testified, petitioners themselves, as shareholders, directors, and officers of M. Caratan, Inc., were the ones who dictated its policies. While we regard the corporate employer as a separate and distinct entity, where the taxpayer is as closely related to his employer as are the petitioners in this case, the taxpayer is required to meet a heavier burden with respect to the bona fides of his employer's demand. Obviously the occupancy of the company-owned housing in this case was of petitioners' own choosing.

We conclude that the fair market value of lodging furnished to petitioners during the taxable years in question is not excludable from petitioners' gross incomes under section 119 and that respondent's treatment of such amounts as additional compensation was therefore correct.

> *Decision will be entered under Rule 50 in docket No. 3026–67.*
>
> *Decisions will be entered for the respondent in docket Nos. 3043–67 and 3044–67.*