KAY STARR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Starr v. Commissioner
Docket No. 8707-73.
United States Tax Court
T.C. Memo 1976-289; 1976 Tax Ct. Memo LEXIS 117; 35 T.C.M. (CCH) 1291; T.C.M. (RIA) 760289; September 9, 1976, Filed Charles J. Katz and Peter R. Stoll, for the petitioner. H. Lloyd Nearing, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioner's Federal income tax for the taxable year 1970 in the amount of $24,172.99. Concessions having been made, the sole issue for decision is whether petitioner received, either actually or constructively, a check in the amount of $19,000, dated December 30, 1970, from the Landmark Hotel during the taxable year 1970. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, supplemental stipulation of facts and exhibits are incorporated by this reference. Miss Kay Starr, hereinafter referred to as petitioner, filed her Federal income tax return, *118 utilizing the cash basis method of accounting, for the taxable year 1970 with the Internal Revenue Service Center, Ogden, Utah. At the time of filing her petition, petitioner resided in Los Angeles, California. Petitioner is an entertainer who, during the taxable year 1970, performed at the Landmark and Fremont Hotels in Las Vegas, Nevada. On or about October 30, 1970, petitioner entered into a standard American Guild of Variety Artists (AGVA) engagement contract with the Landmark Hotel, hereinafter referred to as Landmark. The contract required petitioner to perform two shows each day, for a total of 14 shows for each of five consecutive weeks commencing on December 3, 1970, and ending on January 6, 1971. Paragraph five of the agreement provided that remuneration be paid weekly, "immediately preceding the first performance on the concluding night of each week's employment, or engagement." Pursuant to the agreement, compnsation in the amount of $20,000 less $1,000 paid directly by Landmark to petitioner's agent, the William Morris Agency, was due on the following dates: December 9, 1970, December 16, 1970, December 23, 1970, December 30, 1970 and January 6, 1971. The following *119 checks were drawn by Landmark with petitioner as payee: Date of
Check
Amount
Remittance Advice Remarks
12/9/70
$19,000
For week ending 12/9/70: $1,000 deducted for agent
12/16/70
19,000
For week ending 12/16/70: $1,000 deducted for agent
12/23/70
19,000
For week ending 12/23/70: $1,000 deducted for agent
Merry Christmas
12/30/70
19,000
For week ending 12/30/70: $1,000 deducted for agent
1/6/71
19,000
For week ending 1/6/71: less $1,000 for agent's fee
Petitioner did not involve herself with business matters but rather employed a business manager and secretary, Miss Doris Williamson, to manage those concerns. Miss Williamson received and deposited in petitioner's account at the Pacific National Bank each of the five checks received under the performance agreement. Some of the checks were delivered to petitioner's suite by Landmark personnel, others were picked up by Miss Williamson. Miss Williamson, when preparing a deposit slip for the deposit of a single check, would date the slip with the date appearing on the check.The check dated December 30, 1970, representing payment for petitioner's engagement week ended Wednesday, *120 December 30, 1970, was endorsed "Deposit to checking account of Kay Starr" by Miss Williamson. The deposit slip used to deposit the December 30, 1970, check was also dated December 30, 1970. This check was posted to petitioner's account at Security Pacific National Bank, Beverly Hills, California, on January 7, 1971. Landmark's internal request for disbursement was also dated December 30, 1970. Landmark, on its U.S. Information Return, Form 1099, reported total fees paid to petitioner during the taxable year 1970 of $76,000 -- $19,000 for each of the four weeks. Landmark reported a total of $19,000 paid during the taxable year 1971 on its 1971 Form 1099, representing fees for one week's performance. There is no record or documentation in the files of the Landmark Hotel to indicate that the check dated December 30, 1970, was not made available according to the terms of the contract. The Commissioner in his statutory notice of deficiency, determined that petitioner constructively received the $19,000 check dated December 30, 1970 during the taxable year 1970 and, therefore, it was properly includable in gross income for that year. OPINION On October 30, 1970, petitioner, *121 an entertainer, entered into a contract with the Landmark Hotel in Las Vegas, Nevada, to perform for a period of five consecutive weeks beginning December 3, 1970 and ending on January 6, 1971. The agreement called for compensation in the amount of $20,000 less $1,000 paid directly to petitioner's agent, to be paid weekly to petitioner immediately preceding the first performance on the concluding night of each week's engagement. Pursuant to the agreement, payment for the fourth week's performance was due on Wednesday, December 30, 1970. The Commissioner, relying on the doctrine of constructive receipt embodied in section 1.451-2(a) [1] of the Income Tax Regs., determined that petitioner should have included the $19,000 due on December 30, 1970 in gross income for the taxable year 1970. Petitioner views the amount as properly includable in her income for the taxable year 1971. *122 Section 1.451-2(a), Income Tax Regs., provides, in essence, that a taxpayer must include amounts in gross income for the taxable year in which, although not actually received, they are set aside, credited to his account, or otherwise made available. Therefore, the issue to be decided is inherently factual. It is well settled that the Commissioner's determination is presumptively correct. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Generally, therefore, it is incumbent upon petitioner to overcome this presumption by a preponderance of the evidence. American Pipe and Steel Corp. v. Commissioner,243 F.2d 125 (9th Cir. 1957), cert. denied 355 U.S. 906 (1957). Petitioner, relying upon Weir v. Commissioner,283 F.2d 675 (6th Cir. 1960), revg. and remanding a Memorandum Opinion of this Court, and Herbert v. Commissioner,377 F.2d 65 (9th Cir. 1967), asserts that a taxpayer called upon to prove a negative, e.g., the nonreceipt of income, is held to a lesser burden of proof and, moreover, upon satisfaction of her burden of producing evidence sufficient *123 to rebut the Commissioner's determination, the ultimate burden of persuasion shifts to respondent. Petitioner's reliance on Weir,supra, is misplaced. Therein, the question presented was whether certain checks drawn by various corporations, in which the taxpayer was a principal shareholder, and issued to third parties, constituted income to the taxpayer. The Commissioner conceded at trial that not all of the checks represented income; therefore, the statutory notice was incorrect. By contrast, the issue herein is simply one of timing. Moreover, the court in Weir did not indicate that it intended to depart from the inveterate rule placing the burden of proof on the taxpayer. Therefore, the result therein must rest on its own facts, particularly the taxpayer's uncontradicted testimony that he did not benefit from the checks therein issue. [2] There is no such salient evidence presented herein. Similarly, Herbert v. Commissioner, supra, is not in point because it involved clear and uncontradicted testimony presented by the taxpayer which overcame the presumptive correctness of the Commissioner's determination. Moreover, the language *124 therein indicating that the presumption disappears upon a prima facie showing by the taxpayer does not operate to shift the burden of proof to the Commissioner; it merely indicates that in the absence of additional evidence to support the determination, he cannot prevail. The result reached by the Court of Appeals for the Ninth Circuit, to which an appeal in the instant case would be made, in Caratan v. Commissioner,442 F.2d 606 (9th Cir. 1971), rev'd on the facts, 52 T.C. 960 (1969), is consonant with this vies. [3]
*125 The presumption in favor of the Commissioner requires the taxpayer to come forward with sufficient evidence to support a finding contrary to the Commissioner's determination. Rockwell v. Commissioner,512 F.2d 882 (9th Cir. 1975), affg. a Memorandum Opinion of this Court. Therefore, the test to be applied herein is whether petitioner introduced such competent and sufficient evidence to overcome the presumption in favor of the Commissioner and, moreover, to carry her ultimate burden of persuasion. Viewing the record as a whole, petitioner has failed to persuade us that the Commissioner erred in his determination. The documentary evidence produced supports respondent's position. Petitioner's performance contract called for payment immediately preceding the first performance on the concluding night of each week's performance. Therefore, payment for the fourth week's performance was due on December 30, 1970. The check issued by the Landmark Hotel in satisfaction of that obligation was dated December 30, 1970. Moreover, the deposit slip used by petitioner's secretary was also dated December 30, 1970. Landmark's internal request for disbursement of funds was *126 dated December 30, 1970, and the U.S. Information Return, Form 1099, reported that payment due December 30, 1970 had been made in the taxable year 1970. The only evidence which tends to support petitioner's position is the posting of the check to her checking account on January 7, 1971. This fact standing alone proves little. Moreover, neither petitioner nor her secretary could recall how or when the check dated December 30, 1970, came into petitioner's possession. Petitioner was asked "so you have no recollection whatsoever with respect to those five checks?" She answered, "No." She also testified that she did not know whether the check arrived on time and she could recall seeing none of the checks issued to her by Landmark. Petitioner's secretary endorsed the December 30, 1970, check and prepared the deposit slip. However, she could not recall whether the check was delivered by hotel staff or picked up by her, or on what date she received the check. Miss Williamson did testify that the date on the deposit slip was that appearing on the check being deposited and not necessarily the date of receipt or deposit. This is not particularly probative of whether the check was received *127 or made available to petitioner in the taxable year 1970. Petitioner and her secretary are in the best position to recall when the check was received or made available. Yet, they are unable to do so. We hold petitioner has failed to rebut the presumption of correctness of the Commissioner's determination. Decision will be entered under Rule 155.
Footnotes
1. (a) General rule. Income although not actually reduced to a taxpayer's possession is constructively received by him in the taxable year during which it is credited to his account, set apart for him, or otherwise made available so that he may draw upon it at any time, or so that he could have drawn upon it during the taxable year if notice of intention to withdraw had been given. ' ' '↩
2. Accord, Howard A. Cozad,T.C. Memo 1971-272. Cf. Richard P. Rosenberg,T.C. Memo 1974-10↩. 3. In Rockwell v. Commissioner,512 F.2d 882, 885, n.1 (9th Cir. 1975), the Ninth Circuit discussed with apparent approval the Fourth Circuit's interpretation of Herbert v. Commissioner,377 F.2d 65 (9th Cir. 1967), in United States v. Rexach,482 F.2d 10 (1st Cir. 1973): These cases need not necessarily be read this way. The First Circuit has attempted to reconcile language in our opinions, to the effect that the Commissioner's presumption of correctness disappears upon the taxpayer's presentation of evidence which would support a contrary finding and that the burden of proof then shifts to the Commissioner, with its holding in Rexach, supra, that the burden of proof never shifts to the Commissioner, whether the litigation is a taxpayer's petition to the Tax Court for redetermination of a deficiency, a taxapyer's suit for a refund in the district court, or a suit by the Commissioner in the district court to collect taxes: [Language] relating to the disappearance of the "presumption," found in Clark, Cohen v. C.I.R., 266 F.2d 5, 11 (9th Cir. 1959) and more recently in Herbert v. C.I.R., 377 F.2d 65, 69 (9th Cir. 1967), would seem to refer not to a shifting of the ultimate burden of persuasion to the Commissioner but to the fateful consequences for him if, in the face taxpayer's initial presentation of evidence proving the deficiency erroneous, there is added to the record (whether from the Commissioner's or the taxpayer's witnesses or documents) no contradictory evidence supporting the bare assessment. [citation omitted] Lawrence v. C.I.R., 143 F.2d 446 (9th Cir. 1944), the other case cited by the district court, stands for this proposition. United States v. Rexach, supra, 482 F.2d at 17 n.3. We would add that Caratan, supra↩, also supports this proposition. [Emphasis added.]