Michael L. ROCKWELL, and Regina Rockwell, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 73–2140.

United States Court of Appeals, Ninth Circuit.

March 10, 1975.

Rehearing Denied June 13, 1975.

---

Bernard A. Berkman, Cleveland, Ohio, and Murray C. Lertzman, Beverly Hills, Cal. (argued), for petitioners-appellants.

Louis Bradbury, Atty., Tax Div. (argued), Washington, D. C., for respondent-appellee.

Before LUMBARD,* KOELSCH and DUNIWAY, Circuit Judges.

## OPINION

DUNIWAY, Circuit Judge:

The Rockwells, husband and wife, who filed joint income tax returns for the years in dispute and whom we shall call Rockwell for convenience, appeal from a decision of the Tax Court. Tax Court Memorandum 1972–133, 31 T.C.M. 596, 72 T.C.Memo. 621. The Tax Court found that twelve real properties sold or exchanged by Rockwell during the taxable years 1963 through 1967 were held primarily for sale to customers in the ordinary course of a trade or business. Based on these findings, the Tax Court held that: (1) the gain or loss on "like kind" exchanges of certain of the properties should have been recognized; (2) the gain from the sales and exchanges was taxable as ordinary income rather than capital gain; (3) Rockwell was not entitled to certain deductions for depreciation of the properties; and (4) Rockwell was liable for the self-employment tax. Internal Revenue Code of 1954 ("IRC"), 26 U.S.C. §§ 1031(a), 1221(1), 167, 1401, respectively. *See also* Treas. Reg. § 1.167(a)–2. Rockwell's counsel properly concede that the validity of holdings (3) and (4) depend upon the correctness of holdings (1) and (2). We affirm.

## I. *The Tax Court's Findings.*

Whether property is held primarily for sale in the ordinary course of trade or business is a question of fact. Estate of Freeland v. Commissioner of Internal Revenue, 9 Cir., 1968, 393 F.2d 573, 575, cert. denied, 393 U.S. 845, 89 S.Ct. 132, 21 L.Ed.2d 117; Los Angeles Extension Co. v. United States, 9 Cir., 1963, 315 F.2d 1, 2. We may not overturn the fact finding of the Tax Court unless it is "clearly erroneous." Commissioner of Internal Revenue v. Duberstein, 1960, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218; Northwest Acceptance Corp. v. Commissioner of Internal Revenue, 9 Cir., 1974, 500 F.2d 1222, and cases there cited.

In a brief of over 100 pages, Rockwell's counsel analyze the record exhaustively and repetitively and cite a great many cases. The length of the brief seems to be a function of the complexity of Rockwell's dealings and of the amount of money involved, more than $738,000.00. We commend counsel's diligence but not their editorial judgment. They could have said everything that they do say in about half as many pages. Almost always, when we grant permission to file an oversized brief, we have cause to regret having done so.

We said in Los Angeles Extension Co. v. Commissioner of Internal Revenue, *supra*, 315 F.2d at 3, a case which, like this one, involved the trade or business issue:

> It is rare indeed that one will find any precedent value in applying the decision of one case to the facts of another case. At the most, other cases decided by the courts on this subject may be persuasive or suggestive of the approach of the courts to cases where the facts may be somewhat similar.

For this reason, we do not burden this opinion with an analysis of the cases that counsel cite. None announces any principle that would require a reversal here.

* The Honorable J. Edward Lumbard, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

■ Moreover, it would serve no useful purpose to repeat here the facts which are detailed in the Tax Court's memorandum decision. As to certain properties, the Tax Court found that they were held as investments and for the production of income rather than primarily for sale to customers in the ordinary course of trade or business, thus to that extent finding in favor of Rockwell. As to the others, the Tax Court found in favor of the Commissioner. If we were the Tax Court, we might have made different findings as to some or all of the properties. However, it is not our function to retry the case. We are not persuaded that the Tax Court's findings are clearly erroneous.

## II. *The Burden of Proof.*

### A. *What the burden is.*

■ Rule 32 of the Rules of Practice of the Tax Court (now Rule 142(a), see 26 U.S.C.A. § 7453 (1975 Supp.)) places the burden of proof on Rockwell. *See* Helvering v. Taylor, 1935, 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623. This burden is a burden of persuasion; it requires Rockwell to show the merits of his claim by at least a preponderance of the evidence. Brumley-Donaldson Co. v. Commissioner of Internal Revenue, 9 Cir., 1971, 443 F.2d 501, 504 n. 4. The Tax Court was correct in imposing this burden of persuasion on Rockwell. He argues that the only burden Rule 32 placed on him was the less onerous burden of producing enough evidence initially to rebut the presumption of correctness which attaches to the Commissioner's deficiency determination. Not so.

■ First, Rockwell's argument confuses the separate functions of the initial presumption in favor of the Commissioner and of the burden of proof placed on the taxpayer. The presumption in favor of the Commissioner is a procedural device which requires the taxpayer to come forward with enough evidence to support a finding contrary to the Commissioner's determination. Caratan v. Commissioner of Internal Revenue, 9 Cir., 1971, 442 F.2d 606, 608 (taxpayers presented evidence that their lodgings were provided as a requirement of employment and the Commissioner introduced no evidence; taxpayers overcame the presumption and prevailed): Potts, Davis & Co. v. Commissioner of Internal Revenue, 9 Cir., 1970, 431 F.2d 1222 (taxpayer presented insufficient evidence to rebut the presumption and lost).

■ The burden of proof is yet another hurdle. After satisfying the procedural burden of producing evidence to rebut the presumption in favor of the Commissioner, the taxpayer must still carry his ultimate burden of proof or persuasion. *Brumley-Donaldson, supra;* American Pipe and Steel Corp. v. Commissioner of Internal Revenue, 9 Cir., 1957, 243 F.2d 125, 126–27, cert. denied, 355 U.S. 906, 78 S.Ct. 333, 2 L.Ed.2d 261. *See also* United States v. Rexach, 1 Cir., 1973, 482 F.2d 10, 16–17 n. 3, cert. denied, 414 U.S. 1039, 94 S.Ct. 540, 38 L.Ed.2d 330.

Second, Rockwell's reliance on our decisions in Herbert v. Commissioner of Internal Revenue, 9 Cir., 1967, 377 F.2d 65, 69; Clark v. Commissioner of Internal Revenue, 9 Cir., 1959, 266 F.2d 698, 706; Niederkrome v. Commissioner of Internal Revenue, 9 Cir., 1959, 266 F.2d 238, 241, cert. denied, 359 U.S. 945, 79 S.Ct. 725, 3 L.Ed.2d 678, and Cohen v. Commissioner of Internal Revenue, 9 Cir., 1959, 266 F.2d 5, 11, is misplaced. To the extent that these cases indicate that, when the taxpayer satisfies his burden of production, the ultimate burden of persuasion shifts to the Commissioner,[1]

---

1. These cases need not necessarily be read this way. The First Circuit has attempted to reconcile language in our opinions, to the effect that the Commissioner's presumption of correctness disappears upon the taxpayer's presentation of evidence which would support a contrary finding and that the burden of proof then shifts to the Commissioner, with its holding in *Rexach, supra,* that the burden of proof *never* shifts to the Commissioner, whether the litigation is a taxpayer's petition to the Tax Court for redetermination of a

they are different from the case at bar. *Herbert, Clark, Niederkrome,* and *Cohen* each involved a dispute over whether and to what extent the taxpayer received certain funds as income. In such cases, it might make sense to impose on the Commissioner the burden of proving his case because the taxpayer may face practical difficulties in attempting to refute the Commissioner's assertion that the taxpayer received unreported income. We need not here decide that question.

■ Whatever the proper rule may be where inclusion in income is controverted, there is no dispute that the taxpayer bears the burden of proof in substantiating claimed deductions. As we stated in *Herbert, supra,* 377 F.2d at 71:

It appears to us that the Tax Court has confused the burden of establishing receipt of income with the burden of supporting allowable deductions from income. In the former case the burden is on the Commissioner, and in the latter case the burden is upon the taxpayer.

In Nor-Cal Adjusters v. Commissioner of Internal Revenue, 9 Cir., 1974, 503 F.2d 359, 361 (affirming the Tax Court's finding that corporate taxpayer's payments to officer-shareholders were dividends rather than deductible bonuses), we said:

When as here, a taxpayer claims a deduction which is disallowed by the Internal Revenue Service, the burden is on the taxpayer to prove to the Tax Court the merit of the deduction. The shifting of that burden can only be caused by the interjection of "new matter" as provided by Rule 32 of the

Rules of Practice of the United States Tax Court.

■ Under these principles, the burden of proof falls on Rockwell here, where the principal legal issues are whether the taxpayer was entitled to capital gains treatment, which is achieved through what amounts to a deduction under IRC § 1202 or through the alternative formula provided by § 1201, and certain depreciation deductions. Similarly, whether Rockwell could invoke IRC § 1031 to escape recognition of gain on an exchange of "like kind" real properties is a question of tax mitigation, provided by legislative grace, and falls within the burden of proof rules applicable to disputed deductions. Also incidentally involved in this case is the self-employment tax issue. Where there is no dispute that Rockwell received gains includable in gross income from his real property endeavors and the issue of whether he is exempt from the self-employment tax is incidental to the question of whether his business was trading in real property, the burden of proof as to that incidental issue likewise falls on Rockwell.

■ The nature of the factual inquiry here bolsters our conclusion that Rockwell must shoulder the burden of proof. Here, as in *Brumley, supra,* the crucial factual issue is Rockwell's purpose. Here we are concerned with whether he held the properties primarily for sale in the ordinary course of trade or business. There we were concerned with whether the "principal purpose" of the taxpayer in acquiring a corporation with a net operating loss was the evasion or avoidance of federal income taxes. *See* IRC § 269. It is logical to place on the tax-

deficiency, a taxpayer's suit for a refund in the district court, or a suit by the Commissioner in the district court to collect taxes:

[L]anguage relating to the disappearance of the "presumption," found in Clark, Cohen v. C.I.R., 266 F.2d 5, 11 (9th Cir. 1959) and more recently in Herbert v. C.I.R., 377 F.2d 65, 69 (9th Cir. 1967), would seem to refer not to a shifting of the ultimate burden of persuasion to the Commissioner but to the fateful consequences for him if, in the face taxpayer's initial presentation of evidence

proving the deficiency erroneous, there is added to the record (whether from the Commissioner's or the taxpayer's witnesses or documents) no contradictory evidence supporting the bare assessment. [citation omitted] Lawrence v. C.I.R., 143 F.2d 456 (9th Cir. 1944), the other case cited by the district court, stands for this proposition. United States v. Rexach, *supra,* 482 F.2d at 17 n. 3.

We would add that *Caratan, supra,* also supports this proposition.

payer the burden of proving his reasons for engaging in activities when those reasons affect his tax liability.

 We hold that it was proper for the Tax Court to impose the burden of proof on Rockwell. Although we agree with him that he carried his burden of coming forward with evidence to rebut the presumption favoring the Commissioner, we cannot say that the Tax Court erred in finding that he failed to carry his additional burden of proof.

B. *The constitutionality of the burden of proof.*

Rockwell argues that to impose the burden of persuasion on him is to deny him due process of law. The argument borders on the frivolous. In most litigation, from time immemorial, the burden of proof—i.e., the burden of persuasion—is on the plaintiff. If Rockwell had paid the tax and sued in the district court to recover it, he would have had to shoulder that burden. The alternative right, provided by the Congress, to contest the deficiency before the Tax Court without first paying the tax, is a matter of grace, granted to relieve taxpayers of the necessity of paying before suing. There is no reason to hold that the provision of this alternative remedy shifted the taxpayer's burden of proof.

In tax matters, the Congress can condition the taxpayer's right to contest the validity of a tax assessment pretty much as it sees fit. *See* Cheatham v. United States, 1875, 92 U.S. 85, 88–9, 23 L.Ed. 561; Graham v. Du Pont, 1923, 262 U.S. 234, 254–5, 43 S.Ct. 567, 67 L.Ed. 965; Phillips v. Commissioner of Internal Revenue, 1931, 283 U.S. 589, 595, 51 S.Ct. 608, 75 L.Ed. 1289. *See also* Helvering v. Taylor, 1935, 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623; Lucas v. Structural Steel Co., 1930, 281 U.S. 264, 271, 50 S.Ct. 263, 74 L.Ed. 848. One would have thought that, if there were a constitutional defect in Rule 32 (now Rule 142(a)), the Supreme Court would long since have found it.

Moreover, if the question were *res integra*, we would uphold the rule. The taxpayer knows the facts that relate to whether he was dealing in buying, trading, and selling the properties in question. He can (and Rockwell did) testify as to what his intent or purpose was. The Commissioner, on the other hand, must rely on circumstantial evidence, most of it coming from the taxpayer and the taxpayer's records, in deciding whether or not to assert a deficiency. It is not at all unfair, in such a case, to place on the taxpayer the burden of persuading the trier of fact, in this case the Tax Court.

 The Tax Court committed no reversible error in exercising its discretion to exclude certain cumulative evidence offered by Rockwell.

Affirmed.