George POWERS and Weeta
Powers, Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Appellee.

No. 82–3037.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 30, 1983.
Decided Dec. 30, 1983.

Ronald L. Barnard, Barnard & Associates, Ltd., Chicago, Ill., for appellants.

Richard Farber, Dept. of Justice, Tax Div./Dept. of Justice, Washington, D.C., for appellee.

Before WOOD and POSNER, Circuit Judges, and GORDON, Senior District Judge.*

MYRON L. GORDON, Senior District Judge.

The taxpayer appeals from a decision of the United States Tax Court upholding a deficiency finding by the Commissioner of Internal Revenue. The Commissioner found that the taxpayer had understated his income in the years 1973, 1974, and 1975 by $71,339. We affirm.

The taxpayer controlled Marineland Corporation (Marineland) and Starved Rock Marina Launching, Storage, and Docking Corporation (LSD). Marineland's business was to lease 13 acres of land to the taxpayer. Except for 5000 square feet, the taxpayer, in turn, sub-leased the 13 acres to LSD, whose business was to run a marina which rented boats to the public. The taxpayer retained 5000 square feet for a boat dealership of which he was the sole proprietor.

At his individual expense, the taxpayer added to the land more than $400,000 worth of improvements which inured to the benefit of the subtenant, LSD. Despite the fact that it enjoyed the benefit of substantial improvements nor provided to Mr. Powers by Marineland, the subtenant, LSD, paid less rent to the taxpayer in two of the three years in question than the taxpayer paid to Marineland. Mr. Powers was able to minimize his taxable income by deducting the large rent he paid to Marineland at the same time that he was receiving a lower rent for the land from LSD.

The Commissioner determined that the rent paid by LSD to the taxpayer was less than the fair rental value and that the rent paid by the taxpayer to Marineland was more than the fair rental value. Invoking his authority under I.R.C. § 482, the Com-

missioner allocated $71,339 in income to the taxpayer from two sources: overpayments to Marineland which the taxpayer had deducted ($42,148), and underpayments from LSD ($29,191).

The taxpayer first challenges the Commissioner's determination on the ground that the government failed to meet its burden of proof in establishing that a deficiency existed in connection with the Marineland lease. Under Rule 142, Tax Court Rules of Practice, the burden of proof is on the government "in respect of any new matter." The original notice sent to the taxpayer was based exclusively on underpayments of rent to the taxpayer by LSD. Only in its amended answer to the taxpayer's complaint in tax court did the Commissioner base any deficiency on the Marineland lease.

■ While it is true that the government bore the burden of proof on any deficiency derived from the Marineland transactions, we think the government met its burden. In order to establish a deficiency with respect to the Marineland transactions, the government was obliged to establish that the payments made by the taxpayer to Marineland did not represent the fair rental value of the property leased.

The taxpayer produced no evidence beyond his own assertions with respect to the fair rental value of the property leased to him by Marineland. The government relied in part upon the evidence presented by the taxpayer's expert witness who testified regarding the property leased by the taxpayer to LSD. Since the same property was involved in both leases, the Tax Court drew on the expert's testimony in finding that Marineland was receiving more than fair rental value from the taxpayer. This finding was also based on a method of valuing improvements devised by the Commissioner.

The taxpayer suggests that there is something irregular in the fact that the Commissioner, in meeting his burden of showing that a deficiency existed in connection with

* The Honorable Myron L. Gordon, Senior District Judge for the United States District Court for the Eastern District of Wisconsin, is sitting by designation.

the Marineland lease, relied partially upon the testimony of the taxpayer's expert. We believe that the evidence was ample to warrant Judge Wiles' conclusions, especially since Mr. Powers controlled both companies. The Tax Court's finding that the taxpayer paid more than fair rental value to Marineland is not "clearly erroneous" and must, therefore, be allowed to stand. *Rockwell v. C.I.R.*, 512 F.2d 882 (9th Cir.1975), cert. denied 423 U.S. 1015, 96 S.Ct. 448, 46 L.Ed.2d 386 (1975).

■ Mr. Powers also argues that the reallocation provisions of I.R.C. § 482 were improperly invoked in his case because both of the leases involved were "arm's length" transactions. A determination of whether a reallocation of income among controlled entities is justified under I.R.C. § 482 depends upon whether the transactions among the controlled entities "are such as would have been consummated in an arm's length negotiation between strangers...." *Local Finance Corp. v. C.I.R.*, 407 F.2d 629, 632 (7th Cir.1969). With regard to the Marineland lease, it is clear that, when the Commissioner proved that the taxpayer paid Marineland more than fair rental value, he also demonstrated that the lease was not an arm's length transaction.

The taxpayer considers the LSD lease separately and argues that his acceptance of less than fair rent from LSD represented arm's length dealing, because LSD was foundering and could not have paid more, regardless who controlled it. Asked during oral argument why he did not negotiate a corresponding rent decrease with Marineland, the taxpayer's counsel responded that he was legally bound by the terms of the Marineland lease and, being personally liable, could not justify a renegotiation.

The fanciful quality of the taxpayer's argument is as apparent to us as it was to the Commissioner and to the Tax Court. An arm's length sub-lessor, faced with diminishing rents, would use every available means to negotiate a corresponding decrease in the rent he must pay to his lessor. The taxpayer here controlled his lessor and could obviously have renegotiated his lease.

Even if he had simply broken his lease with Marineland, the taxpayer would have sustained no adverse consequences, since it is unlikely that the taxpayer would have permitted his controlled company to sue him to enforce full rent payment.

■ The Tax Court's finding that LSD paid the taxpayer less than fair rental value is justified, and it is also adequate to support a finding that the lease was not entered at arm's length. It is not particularly significant that LSD could not have met its obligations from operating revenues. This is often true of growing businesses, and plans must be made accordingly. The determination of whether a transaction is one at arm's length "is essentially one of fact and ... must be affirmed if supported by substantial evidence." *Local Finance Corp.*, 407 F.2d at 632. We find the Commissioner's determination here to be supported by substantial evidence.

■ Finally, the taxpayer challenges the Commissioner's method of reallocating the taxpayer's income. The Commissioner has wide discretion in reallocating income under I.R.C. § 482, and his determination should be overturned only when it is arbitrary or capricious. *Baldwin-Lima-Hamilton Corp. v. United States,* 435 F.2d 182, 185 (7th Cir.1970). The Commissioner's determinations of fair rental value were based upon the fair market rental value of the land, as assessed by the taxpayer's expert witness, plus the fair rental value of leased improvements, valued on the basis of cost less depreciation. We find nothing amiss in this method. The Commissioner's reallocation of the taxpayer's income was a valid exercise of discretion. The judgment of the Tax Court is therefore affirmed.