SANTO J. RUIZ AND IRMA G. RUIZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ruiz v. Commissioner
Docket No. 30252-88
United States Tax Court
T.C. Memo 1990-342; 1990 Tax Ct. Memo LEXIS 369; 60 T.C.M. (CCH) 58; T.C.M. (RIA) 90342; July 9, 1990, Filed *369 Decision will be entered under Rule 155. Santo J. Ruiz and Irma G. Ruiz, pro se. William Galanis, for the respondent. COHEN, Judge. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency of $ 9,775.78 in petitioners' Federal *370 income taxes for 1984 and additions to tax of $ 154.47 under section 6651(a)(1), $ 683.44 under section 6653(a)(1), 50 percent of the interest due on $ 9,775.78 under section 6653(a)(2), and $ 2,443.94 under section 6661. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for 1984. Respondent has now conceded that petitioners are not liable for the addition to tax under section 6651(a)(1). The issues for decision are whether petitioners are entitled to deductions for cost of goods sold and travel expenses and whether petitioners are liable for the additions to tax under section 6653(a) and section 6661. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners were residents of Chantilly, Virginia, at the time their petition was filed. At all material times, petitioner Santo J. Ruiz (petitioner) was employed full time at the Department of Health and Human Services. In 1984, petitioner Irma G. Ruiz was employed as a mortgage lender for American Home. During 1984, petitioner also inspected properties for Talmanhome Mortgage Corporation. *371 Normally, he provided "drive-by" inspections and reported on the condition of the home, although he would also enter a home for inspection if he were able to do so. The inspections were performed in Virginia, Maryland, and the District of Columbia at places between 10 and 160 miles from petitioners' home. The inspections were performed between 8:00 a.m. and 9:00 p.m. on weekdays and between 8:00 a.m. and 6:00 p.m. on Saturdays and did not require petitioner to be away from home overnight. If an inspection disclosed that work needed to be done on a property, petitioner might arrange for the work to be done but Talmanhome Mortgage Corporation would pay the providers of materials required for the work. During 1984, petitioners owned or used three automobiles, a 1967 Volkswagen Beetle, a 1979 Dodge, and a 1981 Ford station wagon. The vehicles were used in petitioner's inspection business as well as for personal purposes by petitioners. On their tax return for 1984, petitioners claimed $ 13,076 on Schedule C as cost of goods sold of the inspection business, including such items as changing locks to secure homes and cleaning expense. These expenses had been paid or reimbursed *372 by Talmanhome Mortgage Corporation. The gross receipts from the inspection business reported by petitioners were $ 15,927, which did not include reimbursement from Talmanhome Mortgage Corporation. Petitioners also claimed on Schedule C $ 16,650 in car and truck expenses. Petitioners did not maintain accurate records of the local business mileage but computed their mileage based on estimated miles driven multiplied by 20.5 cents per mile, the standard rate allowed by the Internal Revenue Service in 1984. In the statutory notice of deficiency, respondent disallowed petitioners' claimed cost of goods sold and allowed a deduction for 5,000 miles driven at 20.5 cents per mile. OPINION Petitioners have the burden of proving that they are entitled to the deductions that they claim. Rule 142(a), Tax Court Rules of Practice and Procedure; Rockwell v. Commissioner, 512 F.2d 882 (9th Cir. 1975), affg. a Memorandum Opinion of this Court. Petitioner testified at trial, and he presented various records purportedly substantiating his automobile expense. With respect to the claimed cost of goods sold, petitioner admitted that he had been reimbursed by Talmanhome Mortgage *373 Corporation. Thus he is not entitled to that expense. In support of the claimed automobile expenses, petitioner submitted certain receipts and reconstructions. He claimed that he had driven approximately 118,000 miles with respect to his property inspections in 1984. The computations contained inherently incredible assertions, which petitioner admitted were incorrect. At the conclusion of the trial, the Court asked respondent's counsel whether he agreed that petitioner's automobile expense was not subject to section 274(d), because the mileage was local transportation. See, e.g., O'Donoghue v. Commissioner, T.C. Memo. 1984-198; Miller v. Commissioner, T.C. Memo. 1982-491; LeBeau v. Commissioner, T.C. Memo. 1980-570. Because respondent's counsel did not agree with the Court's statement, he was directed to file a memorandum analyzing the evidence and citing authorities in support of his position. Respondent filed a brief in which he proposed findings of fact and reiterated his arguments about petitioners' failure to substantiate the claimed expenses, but he conceded that section 274(d) did not apply to petitioner's local transportation *374 expense. Petitioners failed to file a reply brief. Based on the record as a whole, we conclude that petitioners are entitled to deduct as a business expense in 1984 a total of 12,000 miles at 20.5 cents per mile, of which 5,000 miles have already been allowed in the statutory notice. See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). They have not persuaded us that they are entitled to any additional deductions. Based on petitioner's deduction of expenses that he had not incurred and his failure to maintain adequate records of his income and of the expenses that he did incur in the inspection business, we conclude that the additions to tax for negligence and for a substantial understatement of tax must be sustained. Decision will be entered under Rule 155.