NANCY L. COLE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cole v. Commissioner
Docket No. 29617-88
United States Tax Court
T.C. Memo 1990-477; 1990 Tax Ct. Memo LEXIS 522; 60 T.C.M. (CCH) 687; T.C.M. (RIA) 90477; September 4, 1990, Filed *522 Decision will be entered for the respondent. Nancy L. Cole, pro se. Wesley F. McNamara, for the respondent. *523 COHEN, Judge. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency of $ 487 in petitioner's Federal income taxes for 1983 and additions to tax of $ 121.75 under section 6651(a)(1), $ 24.35 under section 6653(a)(1), and $ 34.81 under section 6654(a). Respondent also determined that an addition to tax is due under section 6653(a)(2) equal to 50 percent of the interest payable under section 6601 with respect to the underpayment. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the year in issue. The issue for decision is whether petitioner is entitled to dependency exemptions. Because so few facts are established by the evidence, we have not separated our findings and our opinion. None of the facts have been stipulated. The petition did not set forth any specific facts showing that respondent's determination was erroneous but contained allegations in tax protester terminology. Petitioner referred to her status as "a natural person, citizen of the United States of America residing in the State of Oregon" and complained about respondent's procedures. For example, *524 the petition alleges: (e) The respondent has asserted/concluded that petitioner was engaged in a taxable charged activity, event, or occurrence during 1983; (f) The respondent has asserted that petitioner is a person "subject" to the alleged tax which is the basis for the respondent's alleged computations; (g) The respondent has asserted that petitioner is "subject" to added penalties and interest for 1983, but in reality, is not applicable; (h) The respondent has asserted that petitioner was not a citizen of the United States, residing in the State of Oregon, for the year 1983; (i) The respondent has asserted that petitioner received foreign income for 1983. Petitioner declined to elect the small tax case procedure and designated Portland, Oregon, as the place of trial. By notice served January 18, 1990, the case was set for trial in Portland on June 18, 1990. The Standing Pre-Trial Order, served with the notice of trial stated, among other things: ORDERED that all facts shall be stipulated to the maximum extent possible. All documentary and written evidence shall be marked and stipulated in accordance with Rule 91(b) [Tax Court Rules of Practice and Procedure], *525 unless the evidence is to be used to impeach the credibility of a witness. Objections may be preserved in the stipulation. If a complete stipulation of facts is not ready for submission at trial, and if the Court determines that this is the result of either party's failure to fully cooperate in the preparation thereof, the Court may order sanctions against the uncooperative party. Any documents or materials which a party expects to utilize in the event of trial (except for impeachment), but which are not stipulated, shall be identified in writing and exchanged by the parties at least 15 days before the first day of the trial session. The Court may refuse to receive in evidence any document or material not so stipulated or exchanged, unless otherwise agreed by the parties or allowed by the Court for good cause shown. * * * On May 18, 1990, respondent filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and for Damages Under I.R.C. Sec. 6673. That motion alleged that the statutory notice was based on respondent's determination that petitioner received $ 6,961 in wages during 1983; that she failed to file a tax return for *526 1983; that she failed to have taxes withheld for 1983; and that she failed to make estimated tax payments for 1983. Thereafter, however, petitioner served on respondent and submitted to the Court a trial memorandum, in which she repeated her accusations against the Internal Revenue Service. She also asserted in the trial memorandum that, during 1983, she was married with four children and should be allowed an exemption for herself, her husband, and each child. Petitioner also submitted a document entitled "Motion to Dismiss Notice of Deficiency," which was filed as her supplement to the trial memorandum. In that document she claimed that she was entitled to claim the status of "married" for 1983. When the case was called for trial, the parties had not made any progress towards stipulation. Respondent's motion of May 18, 1990, was denied because petitioner had raised factual issues in her trial memorandum. The Court advised petitioner that it was her obligation to prove that she did not have the income determined by respondent, that she had filed a tax return, and that she was entitled to the exemptions that she claimed. See Rockwell v. Commissioner, 512 F.2d 882 (9th Cir. 1975), *527 affg. a Memorandum Opinion of this Court; Rule 142(a), Tax Court Rules of Practice and Procedure. The Court ordered a further attempt by the parties to stipulate, but they failed to reach any agreement. Thus the case proceeded to trial. Petitioner acknowledged in her testimony that she had worked for Hirsch Weis, Inc., but she could not remember the years or the amounts earned from that company. She stated that she did not have any records because she believed that she was only required to keep them for 3 years. She believed that her husband was in school and not employed during 1983. In response to the inquiry by the Court, petitioner identified her husband, her former husband, and her four children. She stated that the children had always lived with her. She received some child support from the father of the two older children after the divorce but did not recall specifically whether or not she received any child support during 1983. Financial support for the family had also been received from various relatives. This testimony was credible but is inadequate to satisfy petitioner's burden of proof. Petitioner did not present any evidence as to whether her husband had *528 filed a tax return for 1983 or whether her former husband had claimed dependency exemptions for the two older children. Her recollection was indefinite and her memory unreliable. As to her own tax return, she testified as follows: Q Do you actually recall filing a return for 1983? A I can't say if I do or I don't. All I can say is that if I should have filed, being a responsible person, I would have filed. Q Would you have prepared that return yourself? A Myself or possibly my husband or mutually together, but I don't -- Q Do you -- A I can't say for sure. Q Do you recall asking your husband for a signature on a return? A I can't remember. Petitioner was allowed additional time after trial to present any supporting documentation. This opportunity was provided solely because the Court concluded from the record that both parties were responsible, at least in part, for failure to stipulate to facts and documents relevant to the issue. Subsequent reports from the parties indicated that no progress had been made or is anticipated. In order to be entitled to dependency exemptions, petitioner must prove, among other things, the total support costs expended on behalf *529 of the claimed dependents from all sources and that she provided over half of that support. See, e.g., Archer v. Commissioner, 73 T.C. 963, 967 (1980). She has failed to do so. We are not persuaded on this record that petitioner filed a tax return for 1983. Her assumption that she needed to keep records only for 3 years is erroneous. Because she failed to file a tax return, taxes may be assessed at any time. Sec. 6501(c)(3). The record also supports the additions to tax under sections 6651(a)(1), 6653(a), and 6654. See, e.g., Raczkowski v. Commissioner, T.C. Memo. 1984-146. Decision will be entered for the respondent.