IDAHO FIRST NATIONAL BANK AND ITS SUBSIDIARY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; *MOORE FINANCIAL GROUP, INC. AND ITS SUBSIDIARIES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent Idaho First Nat'l Bank v. Commissioner
Docket Nos. 27381-88, 27382-88
United States Tax Court
T.C. Memo 1993-539; 1993 Tax Ct. Memo LEXIS 547; 66 T.C.M. (CCH) 1364; November 18, 1993, Filed *547 Decision will be entered under Rule 155. For petitioner: Robert J. Jones, L. Hope O'Keeffe, and Steven P. Lockman. For respondent: Wilton A. Baker. COHEN
COHEN
SUPPLEMENTAL MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: In our prior opinion, 95 T.C. 185 (1990), we held that the losses incurred by Moore Financial Group, Inc., in disposing of assets of an insolvent bank acquired through Federal Deposit Insurance Corporation (FDIC) bidding processes, were not "built-in deductions" within the meaning of section 1.1502-15(a)(2), Income Tax Regs. Our conclusion in this regard was reversed by the Court of Appeals for the Ninth Circuit, Idaho First Natl. Bank v. Commissioner, 997 F.2d 1285 (9th Cir. 1993), revg. 95 T.C. 185 (1990). The case is now before us for decision on petitioners' alternative contention that the losses qualify for the de minimis exception in section 1.1502-15(a)(4)(i)(b), Income Tax Regs. If they do qualify, those losses may be offset against other income of the group. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure. *548 The background of the transaction between petitioners and the FDIC is set forth in our prior opinion and is not repeated here. During trial, petitioners presented testimony from a certified public accountant concerning (1) the values assigned to certain assets of Oregon Mutual Savings Bank (OMSB) in preparing the bid for that bank submitted by petitioners to the FDIC and (2) the manner of petitioners' computation of the tax basis of the assets of OMSB as of the date of acquisition. Respondent contends that petitioners' evidence is insufficient to satisfy petitioners' burden of proof. FINDINGS OF FACT In formulating the bid submitted to the FDIC, Coopers & Lybrand, on behalf of petitioners, analyzed OMSB's assets and attributed an allocable portion of the total bid amount to such assets. These values were used in submitting the bid accepted by the FDIC. After adjusting the fair market values to August 5, 1983, Coopers & Lybrand attributed to the assets total fair market values of $ 224,129,702, including $ 2,431,015 in cash and $ 5,960,420 in marketable securities. Coopers & Lybrand calculated the tax basis of assets of OMSB as of August 5, 1983, by adjusting the book values *549 of those assets shown on the July 31, 1983, Schedule L to Form 1120. The tax basis of all assets computed by Coopers & Lybrand was $ 255,240,047, including cash of $ 2,431,015 and marketable securities of $ 5,986,563, as of August 5, 1983. The results of applying the de minimis calculation set forth in section 1.1502-15(a)(4)(i)(b), Income Tax Regs., to the Coopers & Lybrand data are as follows: Basis
Market Value
All Assets
$ 255,240,047 $ 224,129,702 Less:
Cash
(2,431,015)
(2,431,015)
Marketable
Securities
(5,986,563)
(5,960,420)
$ 246,822,469 $ 215,738,267 x 1.15 $ 248,099.007.05 Thus the aggregate of the adjusted basis of all assets of OMSB (other than cash, marketable securities, and goodwill) acquired by petitioners did not exceed the fair market value of such assets by more than 15 percent. OPINION Section 1.1502-15(a)(4)(i)(b), Income Tax Regs., provides that losses incurred by a consolidated group with respect to assets acquired through the acquisition of a new member will not be treated as "built-in deductions" subject to limitations on offset against income of the group if, "Immediately before the group acquired the *550 assets, the aggregate of the adjusted basis of all assets (other than cash, marketable securities, and goodwill) acquired from the transferor or owned by the new member did not exceed the fair market value of all such assets by more than 15 percent." The remaining dispute between the parties concerns the amounts used in the calculation to be made under the foregoing regulation. Petitioners bear the burden of proving the fair market value and adjusted tax basis of the assets acquired from OMSB (and subsequently disposed of at a loss). Rule 142(a); Rockwell v. Commissioner, 512 F.2d 882, 885 (9th Cir. 1975), affg. T.C. Memo. 1972-133. The fair market value of certain real property included in the acquisition was stipulated. As to other assets, stronger evidence than that presented by petitioners should have been available. See, e.g., Goldstein v. Commissioner, 298 F.2d 562, 567 (9th Cir. 1962); Banc One Corp. v. Commissioner, 84 T.C. 476, 502 (1985), affd. 815 F.2d 75 (6th Cir. 1987); Marx v. Commissioner, 29 T.C. 88, 100 (1957). *551 If stronger evidence had been produced, respondent's objection might have been avoided, and this issue might have been settled. With respect to other issues, petitioners' failure to produce evidence other than the opinions of its accountant resulted in our conclusion that petitioners failed to satisfy their burden of proof. Idaho First Natl. Bank v. Commissioner, T.C. Memo. 1990-499. Nonetheless, with respect to the issue now before us, the accountant's computations constitute some, although minimal, evidence of fair market value and tax basis. The fair market values assigned to the assets by the accountant were used in a third-party transaction at arm's length and inferentially became the price paid for those assets. Petitioners' evidence is not inherently incredible and has been neither contradicted nor impeached. Neither respondent nor the Court may ignore it. The tax basis of the OMSB assets is necessarily determined by reference to an analysis of the books and records. Unlike the items in dispute in Idaho First Natl. Bank v. Commissioner, T.C. Memo. 1990-499, tax basis is affected by historic reporting. Although *552 challenges to the accountant's computation of basis could have been made, respondent has not identified any defects in the accountant's analysis. The summaries were admissible under rule 1006 of the Federal Rule of Evidence and are sufficient as a prima facie case. See Goldberg v. United States, 789 F.2d 1341, 1343 (9th Cir. 1986). Respondent has not given us any reason not to rely on those summaries in concluding that petitioners have satisfied their burden of proof. As our findings of fact reflect, we conclude that petitioners qualify under the de minimis exception to limitation on use of "built-in deductions" set forth in section 1.1502-15(a)(4)(i)(b), Income Tax Regs. To reflect the opinion of the Court of Appeals and the foregoing, Decisions will be entered under Rule 155. Footnotes
*. See Idaho First Natl. Bank v. Commissioner↩, 95 T.C. 185 (1990), revd. 997 F.2d 1285 (9th Cir. 1993); see also T.C. Memo. 1990-499.