RICHARD K. AND MYRNA K. GORAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Goran v. Commissioner
Docket No. 18602-92
United States Tax Court
T.C. Memo 1995-100; 1995 Tax Ct. Memo LEXIS 99; 69 T.C.M. (CCH) 2051; March 9, 1995, Filed *99 Decision will be entered under Rule 155. Myrna K. Goran, pro se. For respondent: Fred E. Green, Jr.
COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 90,518 in petitioners' Federal income taxes for 1988 and additions to tax of $ 4,526 under section 6653(a)(1) and $ 22,613 under section 6661. After concessions, the sole issue for decision is whether petitioners are entitled to a deduction for nonpayment of a note from Mr. Goran's solely owned corporation. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Las Vegas, Nevada, at the time the petition was filed. Petitioner Richard K. Goran (petitioner) was the sole shareholder of a corporation known as Woopis Corporation dba Trophy World. Woopis Corporation (the corporation) commenced business on or about January 1, 1988. On its tax return for 1988, the corporation reported *100 a loss of $ 97,748. As president of the corporation, petitioner signed a document, dated December 31, 1988, that stated: On Demand, Woopis Corporation promises to pay to the order of Richard K. and Myrna K. Goran the sum of Three Hundred Twenty One Thousand Nine Hundred Fifty One dollars ($ 321,951.00) at the address above or such other location as may be agreed upon by the above parties.
On their Federal income tax return for 1988, signed October 15, 1989, petitioners deducted the amount of $ 321,951 on Schedule D, Part I, as a short-term capital loss. Petitioners offset substantial long-term capital gains by the amount of the loss claimed. The corporation continued to do business a year or two after 1989. OPINION Petitioner did not appear at trial of this case, and respondent orally moved to dismiss as to him for lack of prosecution. Petitioner failed to sign the stipulation, which was executed only by petitioner Myrna K. Goran (Mrs. Goran). Because Mrs. Goran was present and called as a witness the accountant who prepared petitioners' tax returns, trial proceeded. Respondent's oral motion to dismiss will be granted, but the decision to be entered herein will *101 take account of the parties' stipulation and our resolution of the issue presented. Petitioners have the burden of proving that they are entitled to the deduction claimed. Rule 142(a); Rockwell v. Commissioner, 512 F.2d 882 (9th Cir. 1975), affg. T.C. Memo. 1972-133. Their evidence in this case can only be characterized as flimsy and unpersuasive. There is no evidence of the circumstances under which the "note" payable by petitioner's corporation to petitioners was executed or of the circumstances under which the advances allegedly represented by the note were made. The only testimony in the record is that the accountant who prepared petitioners' return, on October 15, 1989, made a decision to write-off the corporate note because, in his opinion, the note was of no value. His opinion was based on the loss reported on the 1988 corporate tax return and his belief that the corporation was losing money during 1989. He testified that he advised petitioner to file a bankruptcy petition, but petitioner declined to do so. The accountant did not have any knowledge of the alleged debt as of December 31, 1988, because he was not *102 petitioners' accountant at that time. Petitioners have totally failed to satisfy their burden of proof. Although their tax return treatment suggests that they are claiming a loss under section 166(d)(1)(B), they have not established the amount of advances to the corporation, that the advances were a bona fide debt rather than a capital contribution, or that the alleged debt became worthless during 1988. See Hardman v. United States, 827 F.2d 1409, 1411-1412 (9th Cir. 1987); A. R. Lantz Co. v. United States, 424 F.2d 1330 (9th Cir. 1970). If the advances were a capital contribution, they could not be deducted prior to the time that petitioner's interest in the corporation became totally worthless. See sec. 165(g)(1); sec. 1.165-5(c), Income Tax Regs. "A mere shrinkage in the value of the stock owned by the taxpayer, even though extensive, does not give rise to a deduction * * * if the stock has any recognizable value on the date claimed as the date of loss." Sec. 1.165-4(a), Income Tax Regs. The speculation of petitioners' accountant is inadequate for this purpose. The continuation of the business after 1989 suggests *103 that it was premature to claim any deduction for 1988, regardless of the correct characterization of any advances actually made by petitioners to their corporation. To reflect the stipulation and settlement of other issues, Decision will be entered under Rule 155.