**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-31

UNITED STATES TAX COURT

JIM CHAPIN AND CONNIE F. CHAPIN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18413-12S.                    Filed April 3, 2014.

Jim Chapin and Connie F. Chapin, pro sese.

Alicia H. Eyler, for respondent.

SUMMARY OPINION

COHEN, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed. The decision to be entered is not reviewable by any other Court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, all

section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $13,511 in petitioners' Federal income tax for 2009 and an accuracy-related penalty of $2,702.20 under section 6662(a). After concessions, the issues for decision are whether Jim Chapin (petitioner) has substantiated deductible vehicle expenses as required under section 274(d) and whether petitioners are liable for the penalty.

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in California at the time that they filed their petition.

In 2009, petitioner operated his own real estate sales business. Petitioner used his personal vehicle, a Toyota Sequoia SUV (SUV), for business purposes.

Petitioner prepared petitioners' Form 1040, U.S. Individual Income Tax Return, for 2009. On Schedule C, Profit or Loss From Business, petitioners reported no income but deducted $65,524 of total business expenses, including $5,309 of car and truck expenses.

The Internal Revenue Service (IRS) disallowed portions of the claimed business expense deductions, including all of the car and truck expenses. On May

31, 2012, the IRS sent to petitioners a notice of deficiency reflecting its adjustments to petitioners' tax return.

On September 16, 2013, petitioner faxed two documents to respondent. The first document, titled "2009 Mileage Chart", was a handwritten list of places that petitioner alleged he had driven to during the period March 1 through 21, 2009. The list neither indicated any business purpose for the trips nor reported the mileage traveled or the amount of each trip expense.

The second document, titled "Itemized Categories", was a printed list of expenses for petitioner's SUV. This document listed purported expenses in 2009 for fuel, insurance, parts, registration, and service, and it included an amount for each entry. A handwritten note on the document stated "mileage for 2009 11,135".

## Discussion

### Car and Truck Expenses

Section 162 allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Taxpayers are required to maintain sufficient records to establish the amount and purpose of any deduction. Sec. 6001; Higbee v. Commissioner, 116 T.C. 438, 440 (2001); sec. 1.6001-1(a), (e), Income Tax Regs. The taxpayer has the burden of

proving his or her deductions claimed. See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), aff'g T.C. Memo. 1972-133.

Petitioner claimed car and truck expenses of $5,309 for his SUV. Because passenger automobiles are listed property under section 280F(d)(4)(A)(i), a deduction for automobile expenses requires additional substantiation. Sec. 274(d). A taxpayer must substantiate by adequate records or by sufficient evidence corroborating the taxpayer's own statement the amount of such expense, the time and place of travel, and the business purpose of the expense. Id.; see also sec. 1.274-5T(b)(6), (c)(1) and (2), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985). While a contemporaneous log is not required, a taxpayer's subsequent reconstruction of his or her expenses does require corroborative evidence with a high degree of probative value to support such a reconstruction not made at or near the time of the expenditure, in order to elevate that reconstruction to the same level of credibility as a contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra.

Petitioner provided his 2009 Mileage Chart and Itemized Categories documents, which appear to be reconstructions asserting the places he traveled to for business and the vehicle expenses he incurred in 2009. Petitioner, however,

failed to provide any corroborating receipts or other records that substantiated the statements made in these two documents.  Moreover, neither document identifies a business purpose for each trip, and both fail to show mileage.  (While the Itemized Categories does have a handwritten note of  "mileage for 2009 11,135", this note alone does not substantiate the mileage of each trip or show how the mileage was allocated between business and personal use.)  Additionally, the 2009 Mileage Chart provides a log for only three weeks for 2009 and fails to show the amount of each trip expense.  Because petitioners failed to substantiate the claimed expenses as required by section 274(d), the vehicle expense deduction must be disallowed.

Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on any underpayment of Federal income tax attributable to a taxpayer's negligence or disregard of rules or regulations, or a substantial understatement of income tax.  The Commissioner has the burden of production with respect to any penalty.  Sec. 7491(c).  However, once the Commissioner has met the burden of production, the burden of proof remains with the taxpayer, including the burden of proving that the penalty is inappropriate because of reasonable cause or substantial authority.  Higbee v. Commissioner, 116 T.C. at 446-447.

Section 6662(d)(1)(A) defines "substantial understatement of income tax" as an amount exceeding the greater of 10% of the tax required to be shown on the return or $5,000. In this case, a Rule 155 computation will be required because of the parties' concessions, and it is not clear at this point whether the remaining understatements will be substantial.

Respondent asserts petitioners' negligence as an alternative ground for imposition of the penalty. Respondent's burden of production is met by showing petitioner's negligence and disregard for rules and regulations through his failure to maintain records to support the deductions claimed, as required by sections 274(d) and 6001. See sec. 1.6662-3(b)(1), Income Tax Regs. Petitioner did not argue reasonable cause or good faith. Instead, petitioner argued at trial that no one keeps records in accordance with the "IRS code". That argument is unpersuasive, and the section 6662(a) penalty will be sustained.

We have considered the other arguments of the parties, and they are not material to our conclusions.

To reflect the foregoing and to give effect to the parties' concessions,

Decision will be entered

under Rule 155.