**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-41

UNITED STATES TAX COURT

RAYMOND JONATHON ACOSTA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9718-13S.                    Filed April 24, 2014.

Raymond Jonathon Acosta, pro se.

<u>Erin Kathleen Salel</u> and <u>Michael K. Park</u>, for respondent.

SUMMARY OPINION

COHEN, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant

to section 7463(b), the decision to be entered is not reviewable by any other court,

and this opinion shall not be treated as precedent for any other case.  Unless

otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $3,679 in petitioner's Federal income tax for 2011. The issues for decision are whether petitioner may claim a dependency exemption deduction for his child and whether he is entitled to head of household filing status, the earned income tax credit, and the child tax credit.

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in California at the time that he filed his petition.

On June 18, 2010, petitioner and Daniela Villanueva (Villanueva) divorced. Pursuant to the judgment of dissolution of the Superior Court of California, County of San Diego, petitioner and Villanueva were granted joint legal and physical custody of their child, MJ. (The Court refers to minor children by only their initials. See Rule 27(a)(3).) On the judgment of dissolution, MJ's date of birth was stated as June 5, 2004. The judgment of dissolution did not address child support because that issue was reserved for the Family Support Division of

the Superior Court of California. The judgment of dissolution was also silent as to any assignment of right to the tax benefit of MJ as a dependent.

In 2011, MJ lived 50% of the year with petitioner and the other 50% with Villanueva.

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 2011. On this return, petitioner claimed head of household filing status, a dependency exemption deduction for MJ, the child tax credit, and the earned income credit. Petitioner reported adjusted gross income of $24,283.

Respondent determined that petitioner was not entitled to the dependency exemption deduction, changed his filing status to single, and denied him the child tax credit and the earned income credit.

## Discussion

The Internal Revenue Code allows as a deduction an exemption for each dependent of a taxpayer in computing taxable income. Sec. 151(c). Section 152(a) defines a dependent as a qualifying child or a qualifying relative of the taxpayer. In addition to other requirements, a qualifying child must have the same principal place of abode as the taxpayer for more than one-half of the tax year. Sec. 152(c). In addition to other requirements, a qualifying relative must have an

annual gross income of less than the exemption amount, and the taxpayer must provide over one-half of the qualifying relative's support. Sec. 152(d).

The taxpayer has the burden of proving entitlement to the deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), aff'g T.C. Memo. 1972-133. Petitioner gave credible and uncontradicted testimony that MJ lived with him for one-half of 2011. Section 152(c), however, requires that MJ live with petitioner for more than one-half of 2011 for petitioner to be entitled to the dependency exemption deduction. Additionally, petitioner did not provide any documents identifying the sources or amount of MJ's support. Accordingly, petitioner failed to show that MJ meets the requirements of a qualifying child or a qualifying relative.

Section 152(e) provides special rules for determining who may claim a child as a qualifying child or qualifying relative where, among other requirements, a child of divorced parents received over half of his or her support from the child's parents. Because petitioner failed to identify and substantiate the sources of MJ's support or to provide a statement signed by Villanueva reflecting their agreement to claim the dependency exemption deduction in alternating years, the special rules of section 152(e) cannot apply. As a result of failing to meet the

requirements of section 152(c), (d), or (e), petitioner is not entitled to a dependency exemption deduction.

Section 1(b) establishes a special income tax rate for individuals filing as head of a household. To qualify as head of a household, petitioner must have been unmarried at the end of 2011 and maintained a household that was the principal place of abode of at least one dependent for more than one-half of the taxable year. Sec. 2(b)(1). Because MJ was not shown to be petitioner's dependent and petitioner reported no other dependents, petitioner is not entitled to head of household filing status.

Subject to limitations, section 24(a) allows a child tax credit with respect to a qualifying child of the taxpayer as described in section 152(c). A portion of this credit, the additional child tax credit, can be refundable if certain conditions are met. Sec. 24(d). Because MJ is not a qualifying child under section 152(c), petitioner is not entitled to the child tax credit or the related additional child tax credit for 2011.

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. Section 32(b) prescribes different percentages and amounts used to calculate the credit. The limitation amount is based on the taxpayer's earned income, the taxpayer's adjusted gross income, and

whether the taxpayer has any qualifying children. Sec. 32(b), (f). To be eligible to claim a higher earned income credit with respect to a child, the taxpayer must establish that the child meets the definition of a qualifying child under section 152(c) as modified by section 32(c)(3)(A).

Because MJ was not shown to be a qualifying child under these parameters, petitioner would only be eligible for the earned income credit only on the basis of his earned income. See sec. 32(a), (c)(1)(A)(ii). For a taxpayer to qualify, in part, for the earned income tax credit without any qualifying children for 2011, the taxpayer's adjusted gross income must have been less than $13,660 if not filing jointly. Sec. 32(b)(2), (j)(1); Rev. Proc. 2011-12, sec. 2.04, 2011-2 I.R.B. 297, 299. Petitioner's adjusted gross income for 2011 exceeded that amount, and he is not entitled to the earned income tax credit.

We have considered the other arguments of the parties, and they are not material to our conclusions.

To reflect the foregoing,

Decision will be entered

for respondent.