T.C. Memo. 2016-173

UNITED STATES TAX COURT

JUAN P. GOMEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9299-15.                          Filed September 15, 2016.

Juan P. Gomez, pro se.

<u>Sebastian Voth</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies and penalties as follows:

[*2]

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|---------------------|
| 2011 | $4,815 | $963 |
| 2012 | 5,879 | --- |
| 2013 | 2,539 | 418 |

After concessions the issues for decision, with regard to the 2012 tax year only, are whether petitioner is entitled to dependency exemption deductions for his mother and two nephews, whether he is entitled to the earned income tax credit and the additional child tax credit, and whether he is entitled to head of household filing status. Unless otherwise indicated all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in California at the time his petition was filed.

Petitioner filed his 2012 Federal income tax return and elected "head of household" as his filing status. On the return he claimed dependency exemption deductions for his mother and two nephews and indicated that one nephew was

[*3] under 17 years of age.  He also claimed an earned income credit of $4,860 and an additional child tax credit of $1,000.  He reported adjusted gross income of $18,877.

An Internal Revenue Service (IRS) revenue agent audited petitioner's 2011, 2012, and 2013 tax returns.  During an interview the agent took down notes of what petitioner said, including that his nephews lived with their mother even though they spent a lot of time with him.

Petitioner had a tax attorney represent him during the audit.  In a letter to the agent, dated April 24, 2014, the attorney wrote:

> Juan's [sic] did not live with * * * [the nephews] for more than half of the year in 2012, therefore they are not qualifying children and they cannot be qualifying relatives because they are Juan's nephews which are not under the description of qualifying relative.
>
> Juan's mother would qualify for every test of the qualifying relative test except for the gross income test.  She made more than $3,900 from social security benefits in 2011 and 2012, therefore she cannot be a qualifying relative.  Juan's mother would fail the support test for 2011 and 2012.
>
> Thus Juan should only be allowed two dependents for 2011 and zero dependents for 2012.  We will concede the rest of the dependents claimed on the return.

The IRS audit resulted in a determination that, for 2012, petitioner was not entitled to dependency exemption deductions.  This determination consequently

**[*4]** adjusted his filing status to single and denied him the additional child tax credit and the earned income credit.

OPINION

The Internal Revenue Code allows as a deduction an exemption for each dependent of a taxpayer in computing taxable income. Sec. 151(c). Section 152(a) defines a dependent as a qualifying child or a qualifying relative of the taxpayer. In addition to other requirements, a qualifying child must have the same principal place of abode as the taxpayer for more than one-half of the tax year. Sec. 152(c).

The taxpayer has the burden of proving entitlement to deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), aff'g T.C. Memo. 1972-133. Petitioner presented no evidence as to his mother's having been his dependent in 2012, and he appears to have abandoned that claim.

Petitioner gave vague and uncorroborated testimony that his nephews lived with him for the 2012 school year except for weekends, and he provided no record of the actual days that they allegedly lived at his home. He had listed his nephews as witnesses to be called, but they did not appear. His evidence consisted only of unexplained school documents, illegible copies of a Social Security card, and two

**[*5]** printouts from Google Maps showing the distance between his home and the nephews' schools. His prior statements and his attorney's concession--that the nephews did not live with petitioner for more than one-half of 2012--are more reliable. Petitioner failed to show his entitlement to the 2012 dependency exemption deductions for his nephews or his mother.

Section 1(b) establishes a special income tax rate for an individual filing as head of a household. To qualify as head of a household, petitioner must have been unmarried at the end of 2012 and maintained a household that was the principal place of abode of at least one dependent for more than one-half of the taxable year. See sec. 2(b)(1). Because petitioner had no dependents in 2012, he is not entitled to head of household filing status.

Subject to limitations section 24(a) allows a child tax credit with respect to a qualifying child of the taxpayer as described in section 152(c). A portion of this credit, the additional child tax credit, can be refundable if certain conditions are met. Sec. 24(d). Because the nephews are not qualifying children under section 152(c), petitioner is not entitled to the additional child tax credit for 2012.

Section 32(a)(1) allows an eligible individual an earned income credit against her or his income tax liability. Section 32(b) prescribes different percentages and amounts used to calculate the credit. The limitation amount is

**[\*6]** based on the taxpayer's earned income and adjusted gross income and whether the taxpayer has any qualifying children.  Sec. 32(b), (f).  To be eligible for a higher earned income credit with respect to a child, the taxpayer must establish that the child meets the definition of qualifying child under section 152(c) as modified by section 32(c)(3)(A).

Because the nephews were not shown to be qualifying children under these parameters, petitioner would only be eligible for the earned income credit on the basis of his earned income.  See sec. 32(a), (c)(1)(A)(ii).  For a taxpayer to qualify, in part, for the earned income tax credit without any qualifying children for 2012, the taxpayer's adjusted gross income must have been less than $13,980 if not filing jointly.  Sec. 32(b)(2), (j)(1); Rev. Proc. 2011-52, sec. 3.06, 2011-45 I.R.B. 701, 705.  Petitioner's 2012 adjusted gross income of $18,877 exceeded that amount; therefore, he is not entitled to the earned income tax credit.

We have considered the other arguments of the parties, and they are not material to our conclusions.  To reflect the foregoing,

Decision will be entered under

Rule 155.