T.C. Memo. 2018-112

UNITED STATES TAX COURT

MIGUEL A. JUSINO AND ELIZABETH H. EZCURRA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20101-17.                    Filed July 19, 2018.

Miguel A. Jusino and Elizabeth H. Ezcurra, pro se.

<u>John R. Gordon</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined an $8,250 deficiency and a $1,650 accuracy-related penalty under section 6662(a) with respect to petitioners' Federal income tax liability for 2015.  Respondent has conceded that petitioners are not liable for the penalty.  The issue for decision is whether petitioners are entitled to claim two children (children) as dependents, the child tax credits, and an earned

[*2] income credit for 2015. All section references are to the Internal Revenue Code in effect for 2015, and Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Arizona at the time they filed their petition. They were the biological parents of both children, who were nine years old and four years old, respectively, at the end of 2015.

The parental rights of petitioners with respect to the children were terminated by an order filed January 15, 2015, in the Superior Court of the State of Arizona in and for the County of Maricopa (superior court). That decision was affirmed on appeal. On September 23, 2015, by order of the superior court, the children were adopted by their maternal aunt, with whom they had resided since 2014. The children resided with their aunt during all of 2015, although they visited with petitioners some weekends and during the summer. Although petitioners bought gifts for the children and took them to restaurants during the visits, their aunt provided primary financial support for them.

**[*3]** On their 2015 Form 1040A, U.S. Individual Income Tax Return, petitioners claimed the children as dependents and claimed a $5,360 earned income credit, a $103 child tax credit, and a $1,897 additional child tax credit related to the children. In claiming the earned income credit, they falsely reported that the children lived with them 12 months during 2015. They reported $24,532 in wages earned by petitioner Miguel A. Jusino during 2015.

OPINION

The Internal Revenue Code allows as a deduction an exemption for each dependent of a taxpayer in computing taxable income. Sec. 151(c). Section 152(a) defines a dependent as a qualifying child or a qualifying relative of the taxpayer. In addition to other requirements, a qualifying child must have the same principal place of abode as the taxpayer for more than one-half of the tax year. Sec. 152(c).

The taxpayer has the burden of proving entitlement to the deduction claimed. See Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), aff'g T.C. Memo. 1972-133.

The facts of this case are somewhat unusual because the biological parents have lost their parental rights and the children have been adopted by another. We

**[*4]** need not determine, however, whether they could be qualifying children or qualifying relatives under section 152(a) by parsing the complicated definitions in section 152. Petitioners conceded in their pretrial memorandum that the children "were placed with * * * [their aunt] in 2014 and have lived with her since." They did not dispute the aunt's testimony that the children visited them only when not in school. The arrangements to have the children visit petitioners appear commendable, but the aunt's candid testimony was credible. Because the children did not share a principal place of abode with petitioners, petitioners are not entitled to claim the children as dependents for 2015.

Subject to limitations, section 24(a) allows a child tax credit with respect to a qualifying child of the taxpayer as described in section 152(c). A portion of this credit, the additional child tax credit, can be refundable if certain conditions are met. Sec. 24(d). Because the children did not qualify as dependents under section 152, petitioners are not entitled to the child tax credit or the related additional child tax credit for 2015.

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. Section 32(b) prescribes different percentages and amounts used to calculate the credit. The limitation amount is based on the taxpayer's earned income, the taxpayer's adjusted gross income, and

**[\*5]** whether the taxpayer has any qualifying children.  Sec. 32(b), (f).  To be eligible to claim a higher earned income credit with respect to a child, the taxpayer must establish that the child meets the definition of a qualifying child under section 152(c) as modified by section 32(c)(3)(A).  Because the children were not qualifying under these parameters, petitioners would be eligible for the earned income credit only on the basis of their earned income.  See sec. 32(a), (c)(1)(A)(ii).  Because the reported wages on their joint return, $24,532, exceeded the limitation for 2015, $20,330, they were not entitled to the earned income credit.  Sec. 32(b)(2), (j)(1); Rev. Proc. 2014-61, sec. 3.06, 2014-47 I.R.B. 860, 863.

We have considered the other arguments of the parties, and they are not necessary to address or are without merit.  To reflect the foregoing,

Decision will be entered for

respondent.