PHIL BLATT AND ELAINE FORGE BLATT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Blatt v. Commissioner
Docket No. 21351-91
United States Tax Court
T.C. Memo 1994-48; 1994 Tax Ct. Memo LEXIS 50; 67 T.C.M. (CCH) 2125; February 7, 1994, Filed *50 Decision will be entered under Rule 155. Phil Blatt, pro se. For respondent: Mark E. Menacker and Jeri L. Gartside. JACOBS
JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, JUDGE: Respondent determined a deficiency in petitioners' 1989 Federal income tax in the amount of $ 25,358 and an addition to tax under section 6662(a) in the amount of $ 4,072. [1]
On October 13, 1989, petitioners exchanged residential rental property (the Spinel Avenue property) for mountain vacation rental property (the Cedar Lane property). The exchange constituted a like kind exchange within the purview of section 1031. [2]
*51 After concessions by respondent, the issues for decision are: (1) Whether petitioners must recognize a capital gain of $ 76,159 as a result of the exchange; (2) whether petitioners are entitled to deduct depreciation of $ 641 on the Cedar Lane property; and (3) whether petitioners are entitled to claim miscellaneous deductions of $ 684. Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition in this case was filed, petitioners resided in Alta Loma, California. Petitioners filed a joint Federal income tax return for 1989. For convenience, our findings of fact and opinion for each issue are combined, and each issue is discussed under a separate heading. Issue 1. Exchange of Property
At the time of the exchange, the Spinel Avenue property's fair market value (FMV) was $ 155,000, and it was subject to mortgages of $ 112,944. Petitioners' adjusted basis in the Spinel Avenue property was $ 66,434. As part of the exchange, the transferee assumed all the Spinel Avenue property's mortgages. Petitioners received boot, in the form of non-exchange expenses *52 which were paid through escrow, of $ 1,822. At the time of the exchange, the Cedar Lane property's FMV was $ 62,500. As part of the exchange, petitioners assumed a $ 30,000 mortgage on the Cedar Lane property. In addition, petitioners paid $ 1,000 in cash and incurred expenses of $ 3,673. Petitioners' 1989 return disclosed the exchange on a separate statement. The disclosure statement showed that no gain was realized on the exchange. Respondent contends that due to the receipt of boot and debt relief, petitioners recognized gain in the amount of $ 76,159 from the exchange. Respondent raised the issue of the taxability of the section 1031 like kind exchange after the issuance of the statutory notice of deficiency; therefore respondent bears the burden of proof with respect to this issue. Rule 142(a); McSpadden v. Commissioner, 50 T.C. 478, 492-493 (1968). Section 1031(a)(1) provides that "No gain or loss shall be recognized on the exchange of property held * * * for investment if such property is exchanged solely for property of a like kind which is to be held * * * for investment." However, gain is recognized to the extent of cash or other boot *53 which is received in the transaction. Sec. 1031(b); sec. 1.1031(b)-1, Income Tax Regs. Relief of the transferor taxpayer's mortgage debt is considered boot received. Sec. 1.1031(b)-1(c), Income Tax Regs. Further, the amount of boot received is decreased by the taxpayer's exchange expenses. See Rev. Rul. 72-456, 1972-2 C.B. 468; see also sec. 1.1031(d)-2, Example (2), Income Tax Regs. Section 1031 is a deferral provision, not a forgiveness statute. See sec. 1.1031(d)-1, Income Tax Regs.
Here, both properties involved were rental properties. Because petitioners received boot and debt relief in the exchange, respondent claims petitioners must recognize a capital gain in the amount of $ 76,159. We agree with respondent. The Cedar Lane property had a FMV of $ 62,500. Petitioners received boot valued at $ 1,822 and were relieved of mortgages on the Spinel Avenue property totaling $ 112,944. Thus, the total consideration which petitioners are deemed to have received in obtaining the Cedar Lane property is $ 177,266. The Spinel Avenue property (the exchanged property) had an adjusted basis of $ 66,434. Petitioners paid $ 1,000 *54 as part of the exchange and incurred $ 3,673 of valid exchange expenses. (Although petitioners claimed to have incurred exchange expenses in excess of $ 3,673, apparently some of the exchange expenses were deducted elsewhere on their 1989 return). Petitioners also assumed a mortgage of $ 30,000 on the Cedar Lane property. Thus, $ 101,107 should be subtracted from the $ 177,266 consideration, leaving a gain realized of $ 76,159. Spinel Ave Property
Cedar Ln Property
Fair market value:
$ 155,000
$ 62,500
Adjusted basis:
66,434
Unknown
Mortgage on property:
112,944
30,000
Value of property received
$  62,500
Cash and FMV of boot received
1,822
Liabilities subject to which old property
was transferred
+ 112,944
Total consideration received
$ 177,266
Less:
Adjusted basis of property
transferred
$ 66,434
Cash paid
1,000
Liabilities to which new
property is subject
30,000
Exchange expenses
3,673
- 101,107
Gain realized
$  76,159
Issue 2. Entitlement to Depreciation
On their 1989 Federal income tax return, petitioners claimed depreciation of $ 641 in connection with the Cedar Lane property. Petitioners used a basis *55 of $ 105,665 to arrive at this figure. However, as explained below, petitioners' correct basis is $ 62,500. In a section 1031 like kind exchange, the taxpayer's basis in the property received is "the same as that of the property exchanged, decreased in the amount of any money received by the taxpayer and increased in the amount of gain * * * to the taxpayer that was recognized on such exchange." Sec. 1031(d). The taxpayer's exchange expenses are then added to this amount, resulting in the taxpayer's adjusted basis in the property received. Rev. Rul. 72-456, 1972-2 C.B. 468. The property exchanged had an adjusted basis of $ 66,434. Petitioners also paid cash of $ 1,000 and assumed a mortgage of $ 30,000. These items total $ 97,434 of property exchanged. Petitioners received boot of $ 1,822 and the elimination of a mortgage liability of $ 112,944. These two items total $ 114,766 of property received. Petitioners recognized gain of $ 76,159, and incurred exchange expenses of $ 3,673. Reducing the amount of property exchanged ($ 97,434) by the amount of property received ($ 114,766) results in a negative balance of $ 17,332. Adding *56 the $ 76,159 of gain recognized and the $ 3,673 of exchange expenses to the $ 17,332 negative balance results in petitioners' having a basis in the Cedar Lane property of $ 62,500. Petitioners allocated 80 percent of their basis in the Cedar Lane property to the building; applying this methodology results in petitioners having a depreciable basis in the Cedar Lane property of $ 50,000 (80% x $ 62,500). Residential rental property acquired in 1989 is depreciated over 27.5 years, using the straight line method and the half-month convention. Sec. 168. Therefore, the correct depreciation for the Cedar Lane property for 1989 is $ 380 ($ 50,000 / 27.5 yrs. = $ 1,818 / 12 mos. = $ 152 x 2.5 mos. = $ 380). Issue 3. Entitlement to Miscellaneous Expenses
On Schedule A of their Federal income tax return, petitioners claimed $ 6,949 as miscellaneous expenses incurred in 1989. Prior to trial, respondent conceded that petitioners substantiated $ 6,265 of these miscellaneous expenses. Therefore, expenses totaling $ 684 are still at issue. As a general rule, respondent's notice of deficiency is entitled to a presumption of correctness, and petitioners must present evidence to overcome *57 such presumption. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Rockwell v. Commissioner, 512 F.2d 882, 885 (9th Cir. 1975), affg. T.C. Memo. 1972-133. Petitioners failed to produce evidence to support their entitlement to claim these expenses. Accordingly, they are entitled to claim only $ 6,265 in miscellaneous deductions for 1989. To reflect the foregoing and concessions by respondent, Decision will be entered under Rule 155. Footnotes
1. Respondent has since conceded, inter alia, that petitioners are not liable for an addition to tax under sec. 6662(a).↩
2. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩