T.C. Memo. 1999-345

UNITED STATES TAX COURT

WARREN JACK KIDDER AND BARBARA JEANNE KIDDER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24216-97.                    Filed October 18, 1999.

Warren Jack Kidder and Barbara Jeanne Kidder, pro sese.

<u>Caroline Tso Chen</u> and <u>Laura B. Belote</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Respondent, by notice of deficiency,
determined income tax deficiencies, an addition to tax, and
penalties, as follows:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Penalty Sec. 6662 |
|------|-----------|--------------------------------|-------------------|
| 1992 | $29,725 | $1,443 | $5,945 |
| 1993 | 16,401 | --- | 3,280 |

The issues that remain for our consideration are: (1) Whether petitioners are entitled to claim a nonbusiness bad debt deduction for loans made to petitioner Barbara Jean Kidder's (Mrs. Kidder's) son; and (2) whether petitioners are liable for a late filing addition to tax for 1992 and/or an accuracy-related penalty for the 1992 and/or 1993 tax year.

FINDINGS OF FACT[1]

Petitioners resided in Pebble Beach, California, at the time their petition was filed in this case. Petitioners filed a joint Federal income tax return for their 1992 and 1993 taxable years. With respect to their 1992 return, petitioners sought two extensions of time to file, the last of which extended the time to October 15, 1993. Petitioners' 1992 return was executed by the return preparer on October 11, 1993, and by petitioners on October 14, 1993. The date stamp placed on petitioners' 1992 income tax return, which would normally show when respondent received the return, is illegible.

During the taxable years, Mrs. Kidder was employed as a manager and petitioner Warren J. Kidder (Mr. Kidder) was self-employed as an appraiser. Mrs. Kidder began advancing funds to her son, David Bogue (Mr. Bogue), in 1983. The advances were to pay for Mr. Bogue's personal and business obligations. Some of

---

[1] The stipulation of facts and the attached exhibits are incorporated by this reference.

the advances were paid directly to third parties on Mr. Bogue's behalf. After Mrs. Kidder's 1987 marriage to Mr. Kidder and through the years under consideration, petitioners continued to advance funds to Mr. Bogue. The advances were not formalized, no collateral or security was provided, and no written demands for repayment were made by petitioners.

On Schedule D of their 1992 income tax return, petitioners claimed a $145,267 short-term capital loss attributable to a "Loss on Personal Loan - David Bogue". On that same Schedule D, petitioners reported a long-term capital gain of $83,445, which left a net short-term capital loss of $61,822, of which $3,000 was claimed for 1992. The remaining $58,882 short-term capital loss was carried over to 1993 and applied against an $89,814 long-term capital gain reported for 1993. Respondent disallowed the entire $145,267 loss claimed with respect to Mr. Bogue, explaining that petitioners had "not established that the amount was a bad debt arising from a true debtor-creditor relationship".

On February 28, 1992, Mr. Bogue and his wife (Mrs. Bogue), engaged in a business known as Garage Doors Unlimited, voluntarily filed for bankruptcy protection. In Mr. and Mrs. Bogue's initial petition seeking bankruptcy protection, petitioners were not listed as creditors. After speaking with Mr. and Mrs. Bogue's bankruptcy attorney, petitioners, based on their estimates of the outstanding advances, decided to file a

$75,000 claim in the bankruptcy proceeding.  Ultimately, Mr. and Mrs. Bogue received a discharge from bankruptcy and relief from their debts, including petitioners' claim.

In the preparation of their 1992 income tax return, petitioners were advised by their accountant that the claim against Mr. Bogue could be deducted as a bad debt against petitioners' long-term capital gains.  During 1993, when petitioners were compiling information for the preparation of their 1992 income tax return, they performed a more thorough analysis of the total amount that had been advanced to Mr. Bogue over the years.  Based on their analysis of numerous documents, petitioners calculated that the total outstanding advances made to or on behalf of Mr. Bogue was $145,267, and they claimed that amount as a bad-debt loss on their 1992 return.  Petitioners produced substantial amounts of documentation reflecting that they had made numerous advances to and on behalf of Mr. Bogue, beginning in 1987.

## OPINION

We must determine whether the advances made by petitioners represent loans to Mrs. Kidder's son, and if so, whether the loans became worthless in 1992.  In general, section 166(a)[2]

---

[2] All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

allows an individual to deduct losses sustained from bad debts that become worthless during the taxable year.  Section 166(d)(1) restricts the deduction for losses from nonbusiness debts of a taxpayer other than a corporation by characterizing them as short-term capital losses.  Only a bona fide debt, arising from a "debtor-creditor relationship based upon a valid and enforceable obligation to pay a fixed or determinable sum of money" qualifies for a deduction under section 166.  Sec. 1.166-1(c), Income Tax Regs.  Whether a bona fide debtor-creditor relationship exists is a question of fact to be determined upon a consideration of all the facts and circumstances.  See Fisher v. Commissioner, 54 T.C. 905, 909 (1970).  Petitioners must show that a bona fide debt existed between them and Mr. Bogue.  See Rockwell v. Commissioner, 512 F.2d 882, 885 (9th Cir. 1975), affg. T.C. Memo. 1972-133.

We also note that intrafamily transactions are subjected to closer scrutiny.  See Caligiuri v. Commissioner, 549 F.2d 1155, 1157 (8th Cir. 1977), affg. T.C. Memo. 1975-319; see also Perry v. Commissioner, 92 T.C. 470, 481 (1989), affd. 912 F.2d 1466 (5th Cir. 1990).  It is more likely that a transfer between family members is a gift.  See Perry v. Commissioner, supra; Estate of Reynolds v. Commissioner, 55 T.C. 172, 201 (1970).  Petitioners may overcome this inference by showing that a real expectation of repayment existed and that there was an intent to

enforce the collection of the indebtedness.  See Estate of Van Anda v. Commissioner, 12 T.C. 1158, 1162 (1949), affd. 192 F.2d 391 (2d Cir. 1951).

During some of the period that funds were advanced by petitioners, Mr. Bogue was involved in a business.  In order for petitioners to be successful, they would have to show, among other things, a reasonable expectation, belief, and intention that petitioners would be repaid as creditors regardless of the success of the business and that the advances were not contributions to capital put at risk in the venture.  See Fisher v. Commissioner, supra at 909-910; Fin Hay Realty Co. v. United States, 398 F.2d 694, 697 (3d Cir. 1968).

The record, however, does not generally show that the advances were made to capitalize Mr. Bogue's business activity. Instead, it generally reflects that the advances made to Mr. Bogue were randomly made without any apparent formality or expectation of repayment.  A review of the documents offered by petitioners to support the amount of the advances reveals payments for medical bills, credit card purchases, apartment rent, utilities, fines and court costs for motor vehicle violations, and other personal bills of Mr. and Mrs. Bogue. Until the time that Mr. and Mrs. Bogue voluntarily petitioned themselves into bankruptcy, petitioners had not considered the amount(s) that had been advanced and, after discussions with Mr.

Bogue's bankruptcy attorney during 1992, made an estimate of $75,000. In connection with the preparation of petitioners' 1992 tax return, they conducted a more thorough evaluation and concluded that the amount advanced to Mr. Bogue was almost double the amount petitioners had claimed in the bankruptcy proceeding.

Although petitioners contend that the advances were loans with the expectation of repayment, the record contradicts such a conclusion.[3] Based on the facts and circumstances in this record, petitioners' advances were made with compassion and generosity. The record also reveals that Mr. Bogue was in financial and other types of difficulty throughout the entire period in which the advances were made. It was, therefore, highly unlikely that he would be able to repay the advances. Although petitioners are generous parents who financially supported their child in his time of need, the circumstances here do not show a bona fide debtor-creditor relationship and entitlement to a bad-debt deduction under section 166. See Kean v. Commissioner, 91 T.C. 575 (1988).

Respondent also determined that petitioners are subject to an addition to the 1992 tax for late filing of their return and a

---

[3] Because we hold that petitioners did not have a debtor-creditor relationship and that the advances were in the nature of gifts and were not loans, it is unnecessary to decide whether petitioners substantiated the amounts claimed for their 1992 and 1993 taxable years.

section 6662 accuracy-related penalty for 1992 and 1993. As to the section 6651(a)(1) late filing addition, it applies if petitioners filed their return late and are unable to show that their failure to file the return on time was due to reasonable cause and not due to willful neglect. See Niedringhaus v. Commissioner, 99 T.C. 202, 220-221 (1992).

Before considering whether petitioners have shown reasonable cause, we consider whether petitioners' 1992 return was timely filed. Respondent determined that petitioners' 1992 return was filed 1 month or less after the due date, as extended. The parties stipulated a copy of petitioners' 1992 return that was filed with respondent. The parties did not stipulate the date on which respondent received the return. The stipulated copy of petitioners' 1992 return bears a date stamp that is illegible. The return was signed by the tax return preparer on October 11, 1993, and by petitioners on October 14, 1993. Attached to petitioners' 1992 return are extensions that extend the time for filing the 1992 return to October 15, 1993. Petitioners did not prove, however, that they mailed (by U.S. mail) their 1992 return on or before October 15, 1993. See sec. 7502 (providing that timely mailing will be considered to be timely filing under certain circumstances, which includes a showing of a timely U.S. postmark).

Petitioners failed to show that they mailed their return or

that it was received by the IRS, prior to or on the due date. Nor have petitioners shown reasonable cause for the late filing. Because petitioners have not shown respondent's determination to be in error, we find that petitioners are liable for the section 6651(a)(1) addition to tax for their 1992 tax year.  See Rule 142(a).

Respondent also determined that petitioners are subject to a section 6662 accuracy-related penalty because of negligence or disregard of rules or regulations.  Section 6662 provides for a 20-percent penalty on the portion of the underpayment to which section 6662 applies.  Respondent determined that the entire underpayment is subject to the penalty for the 1992 and 1993 taxable years.  No penalty is imposed with respect to an understatement as to which the taxpayer acted with reasonable cause and in good faith.  See sec. 6664(c)(1).

Petitioners were advised by the bankruptcy attorney that they could file a claim in bankruptcy for the advances they had made to Mr. Bogue.  They did so during 1992, and their claim was discharged during the same year.  Petitioners, who had capital gains, were advised by their accountant/return preparer that they were entitled to claim a capital loss for bad debts that they had claimed and that were discharged in the bankruptcy.  Considering petitioners' background, the circumstances of this case, and petitioners' reasonable reliance on professional advice, we hold

that petitioners acted in good faith and had reasonable cause and, accordingly, are not liable for the section 6662 penalty for their 1992 or 1993 taxable year.

To reflect the foregoing and concessions of the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.