T.C. Memo. 2010-108

UNITED STATES TAX COURT

JOSE J. & MARY D. RAMIREZ, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24262-08.                    Filed May 17, 2010.

Jose J. & Mary D. Ramirez, pro sese.

Aely K. Ullrich, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Respondent determined a deficiency of $9,995
in petitioners' Federal income tax for 2007 and an accuracy-
related penalty of $1,999 under section 6662.  The issues for
decision are whether petitioners are entitled to claimed capital
loss deductions and deductions on Schedule A, Itemized
Deductions, and whether they are liable for the penalty.  All

section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

### FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in California at the time that they filed their petition.

During 2007, petitioner Jose J. Ramirez was employed as a lineman for Southern California Edison Co., and petitioner Mary D. Ramirez was employed as a care provider. They received combined wage income of $147,159 during 2007.

On their Federal income tax return for 2007, petitioners claimed a long-term capital loss carryover of $8,000 and a short-term capital loss of $393; $3,000 was deducted on their return. They claimed Schedule A deductions totaling $53,649. Respondent disallowed for lack of substantiation $14,463 in employee expenses, $2,615 in charitable contributions, and $33,977 in medical expenses. Petitioners failed to maintain or produce records to substantiate the deductions.

### OPINION

This case was set for trial with 5 months' notice. Along with the notice setting case for trial was the Court's standing pretrial order, which, among other things, required the parties

to stipulate in accordance with Rule 91 and to exchange documents that they intended to use at trial at least 14 days before the first day of the trial session. The only documents petitioners produced in a timely manner were attached to the stipulation. Petitioners presented purported receipts for noncash contributions that did not list or provide detailed information about the items contributed, medical information related to their daughter that did not identify actual medical expenses during 2007, a purchase contract for a 2006 Toyota Sequoia, a "mileage log" that appeared to reflect primarily nondeductible commuting expenses, and a 2009 bill for cellular telephone service.

At the time of trial, petitioners could not explain the amounts claimed on the tax return and in dispute in this case. They presented no testimony about medical expenses or any business use of the 2006 Toyota or business mileage reflected in the log. Petitioners claim to have relied on their paid return preparer, who advised them not to send their substantiating documents to respondent.

Mr. Ramirez testified that he deducted the base amount of his monthly cell phone expenses because he was required by his employer to carry a cell phone. He claimed that cash contributions were deducted from his paycheck, but he did not have any records to substantiate that claim. Otherwise he testified that he gave the information to the return preparer.

He acknowledged that he may have made a mistake in depending on someone whom he did not know and following her advice instead of complying with the Court's standing pretrial order.

Petitioners are required to keep records and have the burden of proving that they are entitled to deductions. See, e.g., Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), affg. T.C. Memo. 1972-133. Although the burden of proof may sometimes shift to the Commissioner under section 7491(a), it has not done so here because of the absence of substantiation, the failure to maintain records or to cooperate with reasonable requests for information, and the absence of credible testimony with respect to the specific factual issues in dispute.

Petitioners have not complied with the requirements applicable to deductions of charitable contributions under section 170(f)(16) and (17), relating to contributions of household items and recordkeeping for monetary contributions. They have not complied with the requirements of section 274(d) with respect to business use of their passenger automobile or cellular telephone. See sec. 280F(d)(4). They have totally failed to prove the amounts claimed and disallowed as capital losses on their return and on their Schedule A. We cannot conclude that they are entitled to any of the deductions in dispute.

Respondent has the burden of going forward with respect to the accuracy-related penalty under section 6662(a), applicable to, among other things, underpayments attributable to negligence or disregard of rules or regulations. See sec. 7491(c). The evidence of erroneous deductions in this case satisfies respondent's burden. Upon due consideration of the entire record,

<u>Decision will be entered</u>

<u>for respondent</u>.