T.C. Summary Opinion 2010-134


UNITED STATES TAX COURT


JAMES MICHAEL & SUSANNE ADAMS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8486-09S.              Filed September 9, 2010.


James Michael Adams and Susanne Adams, pro sese.

Michael T. Shelton, for respondent.


COHEN, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $7,498 in petitioners' Federal income tax for 2006 and a penalty of $1,499.60 for negligence under section 6662(a) and (b)(1).  In an amendment to the answer, respondent asserted an increased deficiency of $11,009, a proportionate increase in the penalty, and substantial understatement of income tax as an alternative ground for the penalty.  The issues for decision are whether petitioners are entitled to deduct travel, meals and entertainment, and vehicle expenses and whether they are liable for the penalty.  All section references are to the Internal Revenue Code in effect for 2006, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Illinois at the time the petition was filed.

James Michael Adams (petitioner) was employed full time by Brunswick Corp. until October 2006 and thereafter by Sokolowski, Inc.  His title in the latter employment was Executive Vice President of Sales and Marketing.  He also engaged in a "consulting" activity through which he hoped to receive "finder's fees."  He did not receive any income from the activity during 2006 or through the time of trial in April 2010.

On petitioners' joint Federal income tax return for 2006, petitioner claimed as business expenses $22,546 for travel, $6,621 for meals and entertainment, and $3,664 in vehicle expenses related to his consulting activity. He did not maintain contemporaneous or reliable records to substantiate the amount, time, place, or business purpose of the expenses claimed. Some of the expenses claimed were nondeductible personal expenses incurred for himself and his wife.

In the statutory notice, only the travel expenses were disallowed, and the stated ground for the penalty was negligence. In the amendment to the answer, respondent asserts that the claimed meals and entertainment and vehicle expenses are not deductible. Respondent also asserts, in the alternative, that any otherwise deductible expenses are limited by the passive activity loss rules of section 469 and that a penalty should be imposed because of a substantial understatement of income tax for purposes of section 6662.

## Discussion

The expenses in dispute in this case all require substantiation of amount, time, place, and business purpose in accordance with section 274(d). Petitioner has the burden of proving the deductions that he claimed. See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), affg T.C. Memo. 1972-133.

Petitioner described his consulting activity as traveling the world in search of investors for commercial real estate development projects. Petitioner testified that he was actively involved in raising capital for hotel properties and always hoped to make a profit from that activity, even though the payment would be received, if at all, in the indefinite future. Neither petitioner's testimony nor the few documents that he produced provided the necessary substantiation. Some of the documents contradicted the alleged business purpose of the expenses. Some of the expenses claimed were for a trip to Italy with petitioner's wife. Some of the vehicle expenses were for commuting to petitioner's place of employment.

Attacking petitioner's credibility by highlighting the inconsistencies in his records and his testimony, respondent seeks to increase the deficiency to disallow all of the losses claimed. Respondent also contends that petitioner was at most an investor in the activity rather than being engaged in a trade or business and that any expenses incurred are not currently deductible because of section 469.

Section 469 limits deduction of "passive activity" losses, such as a loss incurred in an investment activity, to income produced from the activity. On the section 469 issue and with respect to the increased deficiency claimed, respondent has the

burden of proof because the issues were raised in the amendment to the answer.  See Rule 142(a).

The preponderance of the evidence in this case is that petitioner deducted personal expenses as business expenses and failed to maintain records to substantiate travel, meals and entertainment, or vehicle expenses as required under section 274. Thus disallowance of all of the expenses in dispute is justified. Because we cannot identify any appropriate deductions, we need not address the limitations of section 469.

Respondent has the burden of production with respect to the section 6662 accuracy-related penalty on the ground of negligence.  Sec. 7491(c); see Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  Respondent also has the burden of proof with respect to the alternative ground of substantial understatement of income tax asserted in the amendment to answer.

Claiming personal expenses as business expenses and failing to maintain records substantiating any valid deductions constitute negligence for purposes of section 6662(a) and (b)(1). See Higbee v. Commissioner, supra at 449; sec. 1.6662-3(b)(1), Income Tax Regs.  Because the penalty is sustained on the ground of negligence, we need not consider whether respondent has proven that there was a substantial understatement of income tax on the return.

For the reasons explained above,

<u>Decision will be entered</u>

<u>for respondent</u>.