T.C. Memo. 2012-101

UNITED STATES TAX COURT

SCOTT R. WILSON AND CHRISTINE R. YANO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1270-10.                    Filed April 10, 2012.

Paul J. Sulla, Jr., for petitioners.

Jonathan Jiro Ono and Peter R. Hochman, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies of  $2,779 and $1,511

for 2006 and 2007, respectively, with regard to the jointly filed Federal income tax

returns of Scott R. Wilson (petitioner) and Christine R. Yano.  The issue for

decision is whether losses claimed in 2006 and 2007 with respect to petitioner's

"micro-utility" activity are limited by the passive activity loss rules of section 469. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time their petition was filed, petitioners resided in Hawaii.

Petitioner is a self-employed architect. After conducting research on photovoltaic systems and the possibility of using solar-generated electricity to meet a portion of petitioners' electricity needs, petitioner met with a representative of Hawaii Environmental Holdings d.b.a. Mercury Solar (Mercury Solar) to learn about its solar equipment.

One of Mercury Solar's purchase programs, the #4 program, is marketed as a "zero net/free" program. Through this program, Mercury Solar encourages buyers to purchase one system for personal use and at least one other for investment purposes (investment system). The purchase is at least partially financed through one or more loans. Mercury Solar installs the investment system at the residence of a "ratepayer", who pays a set monthly fee for a number of years to the equipment

owner to purchase the solar energy produced by the investment system. A ratepayer is not an owner or purchaser of the equipment.

Under Mercury Solar's program, the equipment owner contracts with another company, the Power Change Co., LLC (PCC), to collect the ratepayer's monthly payments on behalf of the equipment owner. From these collections, PCC makes the equipment owner's loan and State excise tax payments and, at the end of the year, reports the annual income to the equipment owner. Mercury Solar's sales literature explains that the equipment owner is responsible for paying income tax and State excise tax on the ratepayer income and that the income should be reported using a Schedule C, Profit or Loss From Business.

Mercury Solar suggests that the equipment owner will qualify for certain tax deductions and credits and extends a tax credit guarantee to the equipment owner so long as he or she has a Federal or State tax liability. A referral fee is paid by Mercury Solar to the equipment owner if he or she refers others who listen to a sales presentation and/or purchase equipment. Mercury Solar represents to the prospective equipment owner that the purchase is potentially "free" through this combination of loans, tax refunds resulting from credits and deductions, and referral and ratepayer payments.

In November 2004 petitioner bought two photovoltaic systems along with a solar water heating system from Mercury Solar. Mercury Solar installed one of the photovoltaic systems at petitioners' residence. The investment system, consisting of a photovoltaic system and a connected solar water heating system, was installed by Mercury Solar at the residence of petitioner's only ratepayer, who is also petitioner's father-in-law.

Petitioner agreed to have PCC collect the ratepayer's monthly payments, maintain payment records, and make petitioner's loan and State excise tax payments. Petitioner Yano did not participate in the micro-utility activity, and the activity had no employees.

Petitioner visited his ratepayer's residence at least monthly to inspect the solar equipment and consult with the ratepayer about the solar service. During these inspections, petitioner checked the solar roof panels and the inverter, which are components of the photovoltaic system. Petitioner tried to find other ratepayers, but was not successful. He did not refer any sales leads to Mercury Solar.

On their 2006 and 2007 joint income tax returns, petitioners claimed net losses in connection with the micro-utility activity of $7,109 and $3,872,

respectively.  Respondent disallowed the losses as passive activity losses under section 469.

## OPINION

Respondent argues that petitioner's micro-utility losses are disallowed because the losses stem either from an activity in which petitioner did not materially participate or from a rental activity, which is a presumptively passive activity. Petitioner counters that his micro-utility business is not a passive rental activity and that he materially participated in its operations.

Losses from a passive activity are generally allowed for the year they are sustained only to the extent of passive activity income.  Sec. 469(a)(1)(A),  (d)(1). In general, a passive activity is a trade or business in which the taxpayer does not materially participate.  Sec. 469(c)(1).  A taxpayer materially participates in an activity when he or she is involved on a regular, continuous, and substantial basis. Sec. 469(h)(1).  Participation generally means all work done in connection with an activity by an individual who owns an interest in the activity.  Sec. 1.469-5(f), Income Tax Regs.

A taxpayer can establish material participation by satisfying any one of seven tests provided in the regulations.  Sec. 1.469-5T(a), Temporary Income Tax Regs., 53 Fed. Reg. 5725-5726 (Feb. 25, 1988); see Miller v. Commissioner, T.C. Memo.

2011-219; Bailey v. Commissioner, T.C. Memo. 2001-296.  Of these, petitioner

asserts that the three following tests are most relevant to this case:

> (2)  The individual's participation in the activity for the taxable
> year constitutes substantially all of the participation in such activity of
> all individuals (including individuals who are not owners of interests in
> the activity) for such year;

> (3)  The individual participates in the activity for more than 100
> hours during the taxable year, and such individual's participation in the
> activity for the taxable year is not less than the participation in the
> activity of any other individual (including individuals who are not
> owners of interests in the activity) for such year;

> \*        \*        \*        \*        \*        \*        \*

> (7)  Based on all of the facts and circumstances \* \* \*, the
> individual participates in the activity on a regular, continuous, and
> substantial basis during such year.

To satisfy the material participation test under paragraph (a)(7), a taxpayer must

participate in an activity for more than 100 hours during the taxable year.  Sec.

1.469-5T(b)(2)(iii), Temporary Income Tax Regs., 53 Fed. Reg. 5726 (Feb. 25,

1988).

Generally, petitioners bear the burden of proof.  See Rule 142(a); INDOPCO,

Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Rockwell v. Commissioner, 512

F.2d 882, 886 (9th Cir. 1975), aff'g T.C. Memo. 1972-133.  This burden may shift

to respondent if petitioners introduce credible evidence with respect to any relevant

factual issue and to meet other conditions, including maintaining required records.
See sec. 7491(a)(1).

Petitioners have not proven or presented adequate evidence to shift the burden of proof that any of the material participation tests they rely upon are satisfied. Petitioner argues that, as the sole owner of the micro-utility activity, he performed all "tasks, functions and services of and for the business, including management" with the exception of sending invoices to and collecting payments from his ratepayer. However, because individuals with PCC collected payments, maintained records regarding the income, and made petitioner's loan and State excise tax payments and individuals with Mercury Solar[1] installed the equipment at his ratepayer's home, petitioner's participation did not constitute substantially all of the participation of any individual in the micro-utility activity.

Petitioners also have failed to prove that petitioner participated in the micro-utility activity for more than 100 hours during each of the years in issue. A taxpayer can prove participation by any reasonable means. Sec. 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5726 (Feb. 25, 1988). Reasonable means "may

---

[1]For other cases involving activities of Mercury Solar, see Sparkman v. Commissioner, T.C. Memo. 2009-308, Sparkman v. Commissioner, T.C. Memo. 2005-136, aff'd, 509 F.3d 1149 (9th Cir. 2007), Hvidding v. Commissioner, T.C. Memo. 2003-151, Richter v. Commissioner, T.C. Memo. 2002-90, and Sparkman v. United States, 2009 WL 5103165 (D. Haw. Dec. 28, 2009).

include but are not limited to the identification of services performed over a period of time and the approximate number of hours spent performing such services during such period, based on appointment books, calendars, or narrative summaries." Id.

Petitioner maintained no business records such as appointment books, calendars, or logs. His testimony was based solely on his recollections and was completely lacking in detail with respect to dates and time spent performing specific tasks. While the regulations permit some flexibility regarding the records required to prove material participation, they do not allow this type of postevent "ballpark guesstimate", and we are not bound to accept the unverified, undocumented testimony of taxpayers. See Estate of Stangeland v. Commissioner, T.C. Memo. 2010-185; Shaw v. Commissioner, T.C. Memo. 2002-35; Scheiner v. Commissioner, T.C. Memo. 1996-554.

In addition, petitioner's testimony concerning his participation was inconsistent at best. At one point petitioner testified that he spent approximately 10 hours each month at his ratepayer's home inspecting the solar equipment and talking to the ratepayer about the solar energy service. Later, petitioner described his inspections as "cursory" and admitted that he sometimes combined the inspections with social visits with his in-laws. Even if petitioner's testimony had not been

inconsistent, however, the number of hours of participation he initially claimed appears excessive in relation to the tasks described.  Furthermore, petitioner has not established that his participation was not less than that of individuals associated with PCC or Mercury Solar.

We conclude that petitioner did not materially participate in the micro-utility activity during the years in issue and that his micro-utility business was a passive activity under section 469(c)(1).  Petitioners' losses reported for 2006 and 2007 with respect to the micro-utility activity are subject to the passive loss limitations imposed by section 469 and are disallowed.  Thus we need not address whether petitioner's micro-utility activity constitutes a passive rental activity.  <u>See</u> sec. 469(c)(2).

We have considered the arguments of the parties not specifically addressed in this opinion.  They are either without merit or irrelevant to our decision.  To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.