T.C. Memo. 2012-102

UNITED STATES TAX COURT

NELSON TOSHITO UYEMURA AND WENDI MICHIKO UYEMURA,
Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent

NELSON TOSHITO UYEMURA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 1437-10, 1438-10.          Filed April 10, 2012.

Paul J. Sulla, Jr., for petitioners.

Jonathan Jiro Ono and Peter R. Hochman, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  In these consolidated cases, respondent determined a

deficiency of  $1,159 with respect to the individual 2006 income tax return of

Nelson Toshito Uyemura (petitioner) and a deficiency of $3,659 with respect to the

2007 joint income tax return of petitioner and Wendi Michiko Uyemura. The issue for decision is whether losses and a business energy investment credit claimed with respect to petitioner's "micro-utility" sales activity are limited by the passive activity rules under section 469. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time the petitions were filed, petitioners resided in Hawaii.

During the years in issue, petitioner was employed as a manager. Wanting to acquire a solar water heater for home use, petitioner met with a representative of Hawaii Environmental Holdings d.b.a. Mercury Solar (Mercury Solar) to learn about its solar equipment.

Mercury Solar made petitioner aware of a business opportunity which Mercury Solar markets as a "zero net/free" program. Through this program, Mercury Solar encourages buyers to purchase one system for personal use and at least one other for investment purposes. The purchase is at least partially financed through one or more loans. Mercury Solar installs the investment system at the

residence of a "ratepayer", who pays a set monthly fee for a number of years to the equipment owner to purchase the solar energy produced by the investment system. A ratepayer is not an owner or purchaser of the micro-utility equipment.

Under Mercury Solar's program, the equipment owner can contract with another company, the Power Change Co., LLC (PCC), to collect ratepayers' monthly payments on behalf of the equipment owner. From these collections, PCC makes the equipment owner's loan and State excise tax payments and, at the end of the year, reports the annual income to the equipment owner. Mercury Solar's sales literature explains that the equipment owner is responsible for paying income tax and State excise tax on the ratepayer income and that the income should be reported using a Schedule C, Profit or Loss From Business.

Mercury Solar suggests that the equipment owner will qualify for certain tax deductions and credits and extends a tax credit guarantee to the equipment owner so long as he or she has a Federal or State tax liability and "meaningfully participates" in the micro-utility activity. A referral fee is paid by Mercury Solar to the equipment owner if he or she refers others who listen to a sales presentation and/or purchase equipment. Mercury Solar represents that a purchase of solar equipment through this program is potentially "free" through this combination of

loans, tax refunds resulting from credits and deductions, and referral and ratepayer payments.

In 2005 petitioner bought two solar water heating systems from Mercury Solar. Mercury Solar installed one system at petitioner's residence and the other at the residence of a ratepayer. Petitioner agreed to have PCC collect the ratepayer's monthly payments, maintain payment records, and make petitioner's loan and State excise tax payments. In 2006 petitioner bought an additional solar water heating system that Mercury Solar installed at a second ratepayer's residence. Petitioner also agreed to have PCC collect this ratepayer's monthly payments.

Mercury Solar provided petitioner with the ratepayers he acquired during the years in issue. Petitioner has never met his ratepayers and has not been to their residences to inspect the solar equipment. Petitioner does not maintain any records or documentation with respect to his micro-utility sales activity. Petitioner has tried to find other ratepayers for himself and has referred sales leads to Mercury Solar.

On his 2006 individual income tax return, petitioner claimed a net loss in connection with the micro-utility sales activity of $12,217, which was primarily the result of a section 179 expense deduction for the investment system purchased in

2006. Petitioner also claimed a section 48 business energy investment credit of $3,554 in connection with the same solar water heating system. However, because of statutory limitations petitioner was unable to use the credit for that year. On the 2007 joint income tax return, petitioners claimed a net loss with respect to the micro-utility sales activity of $707 and the unused business energy investment credit of $3,554 carried forward from petitioner's 2006 tax return.

## OPINION

Respondent argues that petitioners' micro-utility losses and business energy investment credit are disallowed because they stem from an activity in which petitioner did not materially participate or from a rental activity, which is presumptively passive. Petitioner counters that his micro-utility activity was not a passive rental activity and that he materially participated in its operations.

Losses from a passive activity are generally allowed for the year they are sustained only to the extent of passive activity income. Sec. 469(a)(1)(A), (d)(1). Credits attributable to a passive activity are generally allowed only to the extent of the taxpayer's regular tax liability for the year with respect to all passive activities. Sec. 469(a)(1)(B), (d)(2).

In general, a passive activity is a trade or business in which the taxpayer does not materially participate. Sec. 469(c)(1). A taxpayer materially participates in an

activity when he or she is involved on a regular, continuous, and substantial basis. Sec. 469(h)(1). Participation generally means all work done in connection with an activity by an individual who owns an interest in the activity. Sec. 1.469-5(f), Income Tax Regs.

A taxpayer can establish material participation by satisfying any one of seven tests provided in the regulations. Sec. 1.469-5T(a), Temporary Income Tax Regs., 53 Fed. Reg. 5725-5726 (Feb. 25, 1988); see Miller v. Commissioner, T.C. Memo. 2011-219; Bailey v. Commissioner, T.C. Memo. 2001-296. Of these, petitioner asserts that the three following tests are relevant to these cases:

> (2) The individual's participation in the activity for the taxable year constitutes substantially all of the participation in such activity of all individuals (including individuals who are not owners of interests in the activity) for such year;

> (3) The individual participates in the activity for more than 100 hours during the taxable year, and such individual's participation in the activity for the taxable year is not less than the participation in the activity of any other individual (including individuals who are not owners of interests in the activity) for such year;

> \*       \*       \*       \*       \*       \*       \*

> (7) Based on all of the facts and circumstances \* \* \*, the individual participates in the activity on a regular, continuous, and substantial basis during such year.

To satisfy the material participation test under paragraph (a)(7), a taxpayer must participate in an activity for more than 100 hours during the taxable year. Sec. 1.469-5T(b)(2)(iii), Temporary Income Tax Regs., 53 Fed. Reg. 5726 (Feb. 25, 1988).

Generally, petitioners bear the burden of proof. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), aff'g T.C. Memo. 1972-133. This burden may shift to respondent if petitioners introduce credible evidence with respect to any relevant factual issue and to meet other conditions, including maintaining required records. See sec. 7491(a)(1).

Petitioners have not proven or presented adequate evidence to shift the burden of proof that any of the material participation tests they rely upon are satisfied. As the sole owner of the micro-utility activity, petitioner claims he performed all "tasks, functions and services of and for the business, including management and marketing", with the exception of sending invoices to and collecting payments from his ratepayers. However, because individuals with PCC collected payments, maintained records regarding the income, and made petitioner's loan and State excise tax payments and individuals with Mercury

Solar[1] installed the equipment at his ratepayers' homes, petitioner's participation did not constitute substantially all of the participation of any individual in the micro-utility activity.

Petitioners also have failed to prove that petitioner participated in the micro-utility activity for more than 100 hours during each of the years in issue. A taxpayer can prove participation by any reasonable means. Sec. 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5726 (Feb. 25, 1988). Reasonable means "may include but are not limited to the identification of services performed over a period of time and the approximate number of hours spent performing such services during such period, based on appointment books, calendars, or narrative summaries." Id.

While the regulations permit some flexibility with respect to the evidence required to prove material participation, we are not required to accept postevent "ballpark guesstimates", nor are we bound to accept the unverified, undocumented testimony of taxpayers. See Estate of Stangeland v. Commissioner, T.C. Memo.

---

[1]For other cases involving activities of Mercury Solar, see Sparkman v. Commissioner, T.C. Memo. 2009-308, Sparkman v. Commissioner, T.C. Memo. 2005-136, aff'd, 509 F.3d 1149 (9th Cir. 2007), Hvidding v. Commissioner, T.C. Memo. 2003-151, Richter v. Commissioner, T.C. Memo. 2002-90, and Sparkman v. United States, 2009 WL 5103165 (D. Haw. Dec. 28, 2009).

2010-185; <u>Shaw v. Commissioner</u>, T.C. Memo. 2002-35; <u>Scheiner v. Commissioner</u>, T.C. Memo. 1996-554.

Petitioner maintained no records or documentation of his participation such as appointment books, calendars, or logs, and he did not provide any type of narrative summary of his participation. Petitioner admitted that Mercury Solar provided him with his ratepayers and that he has never met any of them. Apart from very general statements that he talked to some people about becoming ratepayers and referred sales leads to Mercury Solar, petitioner offered virtually no evidence of duties he performed, the dates they were performed, or the approximate time he spent performing them.

We conclude that petitioner did not materially participate in the micro-utility sales activity during the years in issue and that the micro-utility was a passive activity under section 469(c)(1). The losses reported for 2006 and 2007 with respect to the micro-utility activity are subject to the passive loss limitations imposed by section 469 and are disallowed. Thus we need not address whether the micro-utility activity constitutes a passive rental activity. <u>See</u> sec. 469(c)(2).

In addition, the business energy investment credit reported on the 2006 individual tax return and claimed on the 2007 joint tax return is subject to the passive activity credit limitations under section 469 and is disallowed because there

was no tax liability with respect to the micro-utility activity for 2006 or 2007.  Even if this credit were not disallowed by the application of section 469, it is otherwise disallowed completely because of section 179.  Through cross-referencing sections 38(b)(1), 46(2), and 48(a), the Internal Revenue Code establishes that the section 48 business energy investment credit is one type of section 38 general business credit.  A section 38 credit is not allowable if a section 179 election has been made, as petitioners did, with respect to the same equipment.  Sec. 179(d)(9); see King v. Commissioner, T.C. Memo. 1990-548 (holding that a section 179 election is irrevocable except with the consent of the Commissioner and to the extent the cost of property is deducted under section 179, it does not qualify for a credit under section 38).

We have considered the arguments of the parties not specifically addressed in this opinion.  They are either without merit or irrelevant to our decision.  To reflect the foregoing,

Decisions will be entered

for respondent.